# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ALAN SCHELHAS, Individually and for Others Similarly Situated,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**HACKENSACK MERIDIAN HEALTH, INC.,**<br><br>    **Defendant.** | **Case No. 2:23-cv-02466-CCC-ESK** |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY/MOTION FOR CONTINUANCE

### Motion Noticed for November 6, 2023

## <u>TABLE OF CONTENTS</u>

1. INTRODUCTION & FACTUAL BACKGROUND.................................................................1

2. ARGUMENT & AUTHORITIES ........................................................................................2

    A. In its zeal to undermine notice, Hackensack miscites case law. .......................2

        i. *Fogg* supports denying Hackensack's request to delay briefing unless the statutes of limitation are tolled..........................................................................2

        ii. Hackensack's other cited cases do not support the relief Hackensack seeks here. ....................................................................................................6

        iii. Hackensack's citations to district court opinions from the Sixth Circuit are likewise unavailing. ...................................................................................9

    B. Hackensack asks the Court to adopt a heightened standard for conditional certification contrary to Third Circuit case law.................................................12

    C. Hackensack's proposed 90-day delay is unnecessary. .....................................15

    D. Hackensack will suffer no prejudice if the Court denies its Motion to Delay Briefing. Conversely, Putative Collective Members will be actively harmed by a delay in briefing..........................................................................................21

3. CONCLUSION..................................................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Adami v. Cardo Windows, Inc.*,
  299 F.R.D. 68 (D.N.J. 2014) ..................................................................... 9

*Aquilino v. Home Depot, Inc.*,
  No. 04-4100, 2006 WL 2583563 (D.N.J. Sept. 6, 2006) ................................ 18

*Arriaga v. Anthony Logistics of Hudson County LLC*,
  No. 22-495 (SDW) (LDW),
  2023 WL 2706822 (D.N.J. Mar. 30, 2023) ........................................ 6, 7, 9, 16

*Asirifi v. W. Hudson Sub-Acute Care Ctr., LLC*,
  No. 11-04039, 2014 WL 294886 (D.N.J. Jan. 24, 2014) ............................... 16

*Barrentine v. Arkansas-Best Freight Sys., Inc.*,
  450 U.S. 728 (1981) ................................................................................. 24

*Bell v. Southeastern Penn. Transp. Auth.*,
  733 F.3d 490 (3d Cir. 2013) ...................................................................... 24

*Boyd v. Schwebel Baking Co.*,
  No. 4:15-cv-871, 2016 WL 3555351 (N.D. Ohio June 30, 2016) .................... 5

*Camesi v. Univ. of Pittsburgh Med. Ctr.*,
  729 F.3d 239 (3d Cir. 2013) ....................................................................... 1

*Casarez v. Producers Serv. Corp.*,
  No. 2:17-cv-1086, 2018 WL 2389721 (S.D. Ohio. May 25, 2018) ................. 5

*Clark v. A&L Homecare & Training Ctr., LLC*,
  68 F.4th 1003 (6th Cir. 2023) ............................................................. 12, 13

*Creely v. HCR ManorCare, Inc.*,
  789 F. Supp. 2d 819 (N.D. Ohio 2011) ...................................................... 10

*Cross v. AMC Detroit, Inc.*,
  No. 1-11968, 2019 WL 2570371 (E.D. Mich. June 20, 2019) ...................... 10

*Cunningham v. Elec. Data Sys. Corp.*,
  754 F. Supp. 2d 638 (S.D.N.Y. 2010) .......................................................... 4

*Damassia v. Duane Reade, Inc.*,
    No. 04 Civ. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) .........................4

*Delaney v. Geisha NYC, LLC*,
    261 F.R.D. 55 (S.D.N.Y. 2009) ........................................................................................21

*Doe v. Banc, Jack & Joe LLC*,
    No. 17-cv-03843 (KSH) (CLW), 2020 WL 2832621 (D.N.J. June 1, 2020)..............17

*Elliott v. Amspec Servs., LLC*,
    No. 10-CV-6575 (DMC) (JAD), 2011 WL 6002019 (D.N.J. Nov. 29, 2011) ..... 17, 18

*Essex v. Children's Place, Inc.*,
    No. 15-5621, 2016 WL 4435675 (D.N.J. Aug. 16, 2016) .......................................... 8, 9

*Fogg v. Clean Harbors Environmental Services*,
    No. 21-7626 (KM) (JBC), 2023 WL 1794836 (D.N.J. Feb. 7, 2023)..................passim

*Freeman v. Sam's East, Inc.*,
    No. 2:17-1786 (WJM), 2018 WL 5839857 (D.N.J. Nov. 8, 2018) ........................... 8, 9

*Genesis HealthCare Corp. v. Symczyk*,
    133 S. Ct. 1523 (2013) .......................................................................................................1

*Given v. Love's Travel Stops & Country Stores, Inc.*,
    No. 1:17-CV-1266, 2018 WL 925996 (M.D. Pa. Feb. 16, 2018)...................................7

*Goodman v. Burlington Coat Factory*,
    No. 11-cv-435, 2012 WL 5944000 (D.N.J. Nov. 20, 2012) ................................3, 9, 18

*Green v. Perry's Restaurants Ltd.*,
    No. 21-cv-0023-WJM-NRN, 2022 WL 16744795 (D. Colo. Nov. 7, 2022).............13

*Greene v. Cnty. of Essex*,
    No. 2:23-CV-00572, 2023 WL 4526029 (D.N.J. July 13, 2023)..................................16

*Hagans v. Nat'l Mentor Healthcare, Inc.*,
    No. CV 22-00128-KMW-SAK, 2023 WL 2554159 (D.N.J. Mar. 17, 2023).............12

*Hambrick v. Promevo*,
    No. 19-17-DLB-CJS, 2020 WL 3621315 (E.D. Ky. July 2, 2020) ..............................11

*Hernandez v. KBR Servs., LLC*,
    No. 3:22-cv-530-HEH, 2023 WL 581595 (E.D. Va. Aug. 11, 2023) ..........................13

*Herring v. Hewitt Associates, Inc.*,
    No. 06-267 (GEB),  2007 WL 2121693 (D.N.J. Juny 24, 2007) .............................. 7, 19

*Jimenez v. Lakeside Pic-N-Pac, L.L.C.*,
    No. 1:06-CV-456, 2007 WL 4454295 (W.D. Mich. Dec. 14, 2007) ...........................11

*Kaiser v. Daiichi Sankyo, Inc.*,
    No. 2:11-CV-02414-CCC-MF,
    2012 WL 13042875 (D.N.J. Apr. 27, 2012) .........................................................7, 19, 21

*Lazaar v. Anthem Cos., Inc.*,
    No. 22-cv-3075 (JGK),
    --- F. Supp. 3d ----, 2023 WL 4113034 (S.D.N.Y. June 22, 2023) ....................... 13, 14

*Lucke v. PPG Indus.*,
    No. 13-CV-966, 2013 WL 6577772 (W.D. Pa. Dec. 16, 2013) ...................................17

*Luque v. AT&T Corp.*,
    No. C 09-05885 CRB, 2010 WL 4807088 (N.D. Cal. Nov. 19, 2010) ..........................5

*Morisky v. Pub. Serv. Elec. and Gas Co.*,
    111 F. Supp. 2d 493 (D.N.J. 2000) ................................................................................14

*Morris v. MPC Holdings, Inc.*,
    No. 20-cv-02840-CMA-NYW, 2021 WL 4124506 (D. Colo. Sept. 9, 2021) .............13

*Neff v. U.S. Xpress, Inc.*,
    No. 2:10-cv-00948, 2013 WL 1131070 (S.D. Ohio Mar. 18, 2013)............................11

*Neitzke v. NZR Retail of Toledo, Inc.*,
    No. 3:15-cv-508, 2015 WL 9055495 (N.D. Ohio Dec. 16, 2015)............................ 6, 8

*Olivo v. GMAC Mortg. Corp.*,
    374 F. Supp. 2d 545 (E.D. Mich. 2004) ........................................................................10

*Ornelas v. Hooper Holmes, Inc.*,
    No. 12-cv-3106 (JAP), 2014 WL 7051868 (D.N.J. Dec. 12, 2014) ..............................1

*Park v. Unum Group Corp.*,
    No. 20-8901-MWF (AGRx), 2022 WL 17251964 (C.D. Cal. Aug. 2, 2022).............13

*Pearsall-Dineen v. Freedom Mortg. Corp.*,
    27 F. Supp. 3d 567 (D.N.J. 2014) .............................................................................. 1, 16

*Peck v. Mercy Health*,
No. 4:21-CV-834 RLW, 2023 WL 1795421 (E.D. Mo. Feb. 7, 2023) ....................... 13

*Petkovic v. Bloomberg L.P.*,
No. 19-9471 (ZNQ) (TJB), 2023 WL 2263898 (D.N.J. Feb. 28, 2023) ..................... 16

*Piazza v. New Albertsons, Inc.*,
No. 20-cv-03187, 2021 WL 365771 (N.D. Ill. Feb. 3, 2021) ....................................... 13

*Porter v. Merrill Lynch Pierce Fenner & Smith, Inc.*,
No. 17-8043 (FLW) (TJB), 2018 WL 5874094 (D.N.J. Nov. 9, 2018) ...................... 19

*Randolph v. Centene Mgmt. Co.*,
No. C14-5730 BHS, 2015 WL 1884216 (W.D. Wash. Apr. 24, 2015) ......................... 4

*Russo v. Gov't Emps. Ins. Co.*,
No. 2:21-CV-17234-BRM-JBC, 2022 WL 3098107 (D.N.J. Aug. 3, 2022) ............... 16

*Shakib v. Back Bay Rest. Grp., Inc.*,
No. 10-cv-4564 (DMC) (JAD), 2011 WL 5082106 (D.N.J. Oct. 26, 2011) .............. 21

*Shala v. Dimora Ristorante, Inc.*,
No. 2:16-cv-03064 (WJM) 2016 WL 7386954 (D.N.J. Dec. 21, 2016) ................... 8, 9

*Sharma v. Burberry Ltd.*,
52 F. Supp. 3d 443 (E.D.N.Y. 2014) ........................................................................... 17

*Sloane v. Gulf Interstate Field Servs., Inc.*,
No. 4:16-cv-01571, 2017 WL 1105236 (M.D. Pa. Mar. 24, 2017) ............................ 14

*Swales v. KLLM Transport Services, L.L.C.*,
985 F.3d 430 (5th Cir. 2021) ....................................................................................... 12

*Thomas v. Maximus, Inc.*,
No. 3:21-cv-498 (DJN), 2022 WL 1482010 (E.D. Va. May 10, 2022) ...................... 13

*Thornton v. Tyson Foods, Inc.*,
No. 5:22-CV-05077,
--- F. Supp. 3d ----, 2023 WL 4712035 (W.D. Ark. July 24, 2023) ............................ 14

*Watson v. Advanced Distribution Servs., LLC*,
298 F.R.D. 558 (M.D. Tenn. 2014) ............................................................................. 10

*Wellens v. Daiichi Sankyo, Inc.*,
    No. C-13-00581 DMR, 2014 WL 1422979 (N.D. Cal. Apr. 11, 2015) .......................18

*Winfield v. Citibank, N.A.*,
    843 F. Supp. 2d 397 (S.D.N.Y. 2012) .................................................................................4

*Wofford v. Seba Abode, Inc.*,
    No. 2:20-cv-00084-RJC, 2021 WL 3113215 (W.D. Pa. Jul. 22, 2021) .......................13

*Wright v. Waste Pro USA, Inc.*,
    No. 0:19-cv-62051-KMM, 2021 WL 1290299 (S.D. Fla. Apr. 6, 2021) ...................13

*Ying Yang v. Village Super Market, Inc.*,
    No. 18-cv-10486 (WHW) (CLW),
    2019 WL 2135908 (D.N.J. May 14, 2019) ................................................................ 1, 16

*Zavala v. Wal-Mart Stores, Inc.*,
    691 F.3d 527 (3d Cir. 2012) ................................................................................................1

## 1.    INTRODUCTION & FACTUAL BACKGROUND

On September 18, 2023, Plaintiff Alan Schelhas filed a Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (the "Motion for Conditional Certification"). *See* Dkt. 41. The only relief Schelhas seeks with his Motion is the issuance of Court-authorized notice to potential opt-in plaintiffs informing them of their rights under the Fair Labor Standards Act ("FLSA"). *See Genesis HealthCare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013); *see also Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 573 (D.N.J. 2014).

Under binding Third Circuit case law, Schelhas's Motion need only make a "modest factual showing" that other workers are "similarly situated" and should receive notice of this lawsuit. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013) (citing *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 535 (3d Cir. 2012)). The only question is whether Schelhas has met his lenient burden of substantiating the allegations in the Complaint, with one or more declarations or other evidence. *Zavala*, 691 F.3d at 538; *Ornelas v. Hooper Holmes, Inc.*, No. 12-cv-3106 (JAP), 2014 WL 7051868, at *7 (D.N.J. Dec. 12, 2014) ("[T]he Court will look to the pleadings and declarations on record to determine whether there are substantial allegations showing that the named Plaintiffs are similarly situated to the putative [collective] members.").

Rather than just respond to the Motion for Conditional Certification (which is typically granted, *see Ying Yang v. Village Super Market, Inc.*, No. 18-cv-10486 (WHW) (CLW), 2019 WL 2135908, at *3 (D.N.J. May 14, 2019) (noting the "lenient standard is

typically easily met and usually results in conditional certification" (cleaned up))), Hackensack filed a mis-named "motion to conduct limited discovery." *See* Dkt. 45. But Hackensack doesn't actually seek "discovery." What Hackensack really wants is for this Court to ignore binding Third Circuit precedent, apply a heightened standard for conditional certification, delay resolution of Schelhas's Motion for Conditional Certification, and run the clock on the FLSA limitations period for the Putative Collective Members. For the reasons discussed herein, Hackensack's Motion to Delay Briefing[1] should be denied outright, particularly since Hackensack refuses to toll the FLSA limitations period for those that would be affected by such delay.

## 2.   ARGUMENT & AUTHORITIES

### A.   In its zeal to undermine notice, Hackensack miscites case law.

At the outset, Hackensack cites various cases from New Jersey and elsewhere to suggest a delay of 90 days to conduct discovery is commonplace in cases like this. Hackensack's cited case law does not stand for that proposition.

#### i.   *Fogg* supports denying Hackensack's request to delay briefing unless the statutes of limitation are tolled.

The only case in this District that is arguably on point is *Fogg v. Clean Harbors Environmental Services*, No. 21-7626 (KM) (JBC), 2023 WL 1794836 (D.N.J. Feb. 7, 2023),

---

[1] Hackensack refers to its motion as one "requesting discovery," but that's a misnomer. Nothing stopped Hackensack from serving discovery (and it didn't until recently). Hackensack's motion actually seeks to delay briefing on Schelhas's Motion for Conditional Certification. *See* Dkt. 45. Therefore, Schelhas refers calls Hackensack's motion what it is—a "Motion to Delay Briefing."

but Hackensack still misstates the holding in *Fogg*. In that case, Judge McNulty granted conditional certification of a collective action. In the "Procedural History" section of that order, Judge McNulty noted the court stayed briefing on conditional certification pending the initial conference with Magistrate Judge Clark and, following that initial conference, Judge Clark permitted "the parties" to conduct limited pre-certification discovery. *Id.* at *1. The opinion does not say *why* Judge Clark permitted "the parties" to conduct limited pre-certification discovery. However, what *is* clear is that such "limited pre-certification discovery" had zero impact on Judge McNulty's resolution of that motion, in which the court granted conditional certification and ordered FLSA notice to be issued over the defendant's objections (and in the face of the defendant's request that the court impose a heightened evidentiary standard). In rejecting the defendant's attempt to cite the evidence it gathered during that interim discovery period, Judge McNulty noted that courts do not address the merits of the claims or make credibility determinations at the first stage analysis. *Id.* at *3 (citing *Goodman v. Burlington Coat Factory*, No. 11-cv-435, 2012 WL 5944000, at *6 (D.N.J. Nov. 20, 2012)).

In other words, the only significant development from that "pre-certification discovery" period was 18 months' worth of delay in resolving the plaintiffs' motion for conditional certification. *Id.* at *8. That defense-caused delay, in turn, forced the parties to spend additional time and energy briefing the issue of equitable tolling, which Judge McNulty granted. *Id.* at *8-9. If anything, *Fogg* counsels that (1) a defendant's request to delay briefing on conditional certification so that it can conduct discovery to respond

to the motion is unnecessary, as such defense-initiated discovery is not even considered in resolving that motion;[2] and (2) equitable tolling should be granted to account for such defense-initiated delays. Hackensack's reliance on *Fogg* is misplaced because that case counsels *against* permitting Hackensack to unilaterally delay resolving Schelhas's Motion for Conditional Certification, because the discovery Hackensack ostensibly wants to conduct is not germane to whether Schelhas has met his lenient burden at the first stage of the inquiry. *Id.*; *see also, e.g., Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012) (noting an action proceeds as a "collective action throughout the discovery process" **only after** the court grants conditional certification (citing *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *7 (S.D.N.Y. Oct. 5, 2006) (declining to consider affidavits presented by defendant in opposition to conditional certification, finding defendant was "making a premature argument on the merits" by presenting evidence to counter a motion for conditional certification); *Randolph v. Centene Mgmt. Co.*, No. C14-5730 BHS, 2015 WL 1884216, at *3 (W.D. Wash. Apr. 24, 2015) (finding good cause to issue a protective order where the defendant sought "premature and unnecessary" discovery of opt-in plaintiffs, holding the "information [sought was] not germane at the conditional certification stage."); *Luque v. AT&T Corp.*, No. C 09-05885 CRB, 2010 WL 4807088, at *3 (N.D. Cal. Nov. 19,

---

[2]    *See also* Dkt. Nos. 44 & 51, which are incorporated herein by reference.

2010) ("Courts need not even consider evidence provided by defendants at this [conditional certification] stage.").

The other cases cited by Hackensack where a delay in briefing was achieved are of no help to Hackensack. In *Boyd v. Schwebel Baking Co.*, No. 4:15-cv-871, 2016 WL 3555351 (N.D. Ohio June 30, 2016), the defendant requested extra time to respond to a motion for conditional certification in order to prepare a response. While the *Boyd* court permitted that discovery in a minute order dated July 27, 2015, it did not explain its decision. And in that case, the parties agreed to toll the limitations period for the future opt-in plaintiffs. *See* Exhibit A (*Boyd* Docket Entry No. 41). If *Boyd* tells us anything, it's that if Hackensack wants to delay briefing for a proper purpose, it should in turn stipulate to toll the limitations period for future opt-in plaintiffs.[3] Indeed, if Hackensack agrees to toll the limitation period for future opt-in plaintiffs to avoid the harm caused by the delay it seeks, Schelhas will not oppose its request to delay briefing so long as the proposed discovery does not heighten the standard for conditional certification. But Hackensack refuses to do that, which undermines its reliance on *Boyd*.

---

[3]    Hackensack also relies on *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 WL 2389721 (S.D. Ohio. May 25, 2018). While in *Casarez* the court directed the parties to engage in "informal Plaintiff-specific discovery over the next 30 days in order to facilitate a more thorough analysis of [the] case[,]" the court also stayed other discovery during that "informal discovery" period and directed the parties to confer about tolling the limitations period. *See* Exhibit K (*Casarez* Docket Entry Nos. 9 & 10). The parties ultimately agreed to limited tolling and agreed to confer if further tolling was reasonable or appropriate. *Id.* As with *Boyd*, the *Casarez* case demonstrates that if Hackensack wants to delay briefing, it needs to stipulate to toll the FLSA limitations period.

Also, in *Neitzke v. NZR Retail of Toledo, Inc.*, No. 3:15-cv-508, 2015 WL 9055495 (N.D. Ohio Dec. 16, 2015), the court directed the parties to conduct pre-certification discovery, but there is no indication that such pre-certification discovery was opposed by the plaintiff or was interposed in the middle of briefing. Indeed, it appears the parties *agreed* to conduct discovery before the plaintiff moved for conditional certification. *See* Exhibit B (*Neitzke* Docket Entry No. 13) ("Plaintiff will be deposed by agreement of counsel [before plaintiff] may move for conditional class certification[.]"). And as described by the defendant in its opposition brief, it was the *plaintiff* who sought pre-certification discovery, not the other way around. *See, e.g.,* Exhibit C at 3 (*Neitzke* Docket Entry No. 15 at 3) ("Despite being given the opportunity for pre-certification discovery …"). That is not the case here and *Neitzke* is unhelpful.

### ii. Hackensack's other cited cases do not support the relief Hackensack seeks here.

None of Hackensack's other cited case law is on-point—those cases merely stand for the proposition that plaintiffs sometimes conduct pre-certification discovery before moving for conditional certification. But those cases do not stand for the proposition that such pre-certification discovery is *required*, let alone that a defendant may unilaterally impose discovery on the plaintiff before it responds to a motion for conditional certification.

For example, Hackensack cites *Arriaga v. Anthony Logistics of Hudson County LLC*, No. 22-495 (SDW) (LDW), 2023 WL 2706822 (D.N.J. Mar. 30, 2023) for the

proposition that courts do not decide conditional certification until the parties have engaged in "limited discovery." *See* Dkt. 45-1 at 8. In that case, Judge Wigenton noted in a footnote that courts "usually consider conditional certification after the parties have engaged in limited discovery." 2023 WL 2706822 at *2 n.4. And while that does sometimes occur, there is no *requirement* that the parties engage in discovery before a plaintiff can successfully move for conditional certification. *See, e.g., Kaiser v. Daiichi Sankyo, Inc.*, No. 2:11-CV-02414-CCC-MF, 2012 WL 13042875, at *4 and n.7 (D.N.J. Apr. 27, 2012) (noting the parties had not engaged in any discovery pending the court's decision on the motion for conditional certification, and finding that "as in the case of many other conditional certification motions, sufficient discovery on this issue has not been completed and this Court will not engage in a merits-based argument at this stage."); *Herring v. Hewitt Associates, Inc.*, No. 06-267 (GEB), 2007 WL 2121693, at *3 (D.N.J. June 24, 2007) ("The merits of plaintiffs' claims need not be evaluated ***nor discovery be completed*** in order for [FLSA] notice to be approved and disseminated." (emphasis added, cleaned up)); *see also Given v. Love's Travel Stops & Country Stores, Inc.*, No. 1:17-CV-1266, 2018 WL 925996, at *2 (M.D. Pa. Feb. 16, 2018) (noting that the plaintiff's motion for conditional certification "was filed less than three months after commencement of this case before any meaningful discovery took place"). There is no indication in the *Arriaga* opinion that the court delayed or stayed briefing on plaintiff's motion for conditional certification so that the defendant could conduct discovery to oppose the motion. Rather, in that case, it was the *plaintiff* who sought pre-certification

discovery due to the defendant apparently refusing to respond to written discovery. *See* Exhibit D (*Arriaga* Docket Entry Nos. 13, 22, and 34). *Arriaga* is wholly unhelpful to Hackensack here.

*Shala v. Dimora Ristorante, Inc.*, No. 2:16-cv-03064 (WJM) 2016 WL 7386954 (D.N.J. Dec. 21, 2016) suffers from the same problem as *Arriaga*, in that there was zero indication the court permitted the defendant to delay briefing so it could conduct discovery. The court there, as in *Arriaga*, merely noted that courts "usually" consider conditional certification after some limited discovery, but in no way made that a requirement.

Hackensack's reliance on *Essex v. Children's Place, Inc.*, No. 15-5621, 2016 WL 4435675 (D.N.J. Aug. 16, 2016) is misplaced for the same reason as its reliance on *Neitzke*. In *Essex*, the court directed the parties to engage in preliminary discovery before the plaintiffs filed their motion for conditional certification. However, a review of the docket makes clear that the pre-certification discovery was agreed to by the parties and/or precipitated by the *plaintiff*, not the defendant in the middle of briefing. *See* Exhibit E at 2 (*Essex* Docket Entry No. 39 at 2) ("Plaintiffs intend to file motion for notice and conditional certification after an initial first phase of discovery."). That is not the case here, where Schelhas has already filed the Motion for Conditional Certification and did not need discovery to do so.

Similarly, in *Freeman v. Sam's East, Inc.*, No. 2:17-1786 (WJM), 2018 WL 5839857 (D.N.J. Nov. 8, 2018), the proposed discovery plan was jointly agreed to. *See* Exhibit F

at 3 (*Freeman* Docket Entry No. 19 at 3) ("The Parties agree that discovery should be conducted in two phases. Thereafter, Plaintiffs' Section 216(b) motion for conditional certification shall be filed …"). In other words, the pre-certification discovery period was agreed to and/or requested by the plaintiffs. That is not the case here. The same occurred in *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68 (D.N.J. 2014), where the pre-certification discovery was pursued by the plaintiffs, not the defendants. *See* Exhibit G (*Adami* Docket Entry No. 26) (order granting in part plaintiffs' motions for pre-certification discovery and denying the defendants' request to stay discovery pending a decision on its motion for partial dismissal). Similarly, in *Goodman*, 2012 WL 5944000, while the court noted the plaintiff conducted depositions, it also appears the pre-certification discovery period was agreed to between the parties. In any event, none of the cited cases such as *Arriaga*, *Shala*, *Essex*, *Freeman*, *Adami*, or *Goodman* granted the relief Hackensack seeks. They merely stand for the proposition that *plaintiffs* sometimes choose to conduct pre-certification discovery to support a motion for conditional certification. Those cases do not stand for the proposition that a defendant can unilaterally delay briefing on conditional certification so that the defendant can conduct discovery before it responds.

      **iii.**    **Hackensack's citations to district court opinions from the Sixth Circuit are likewise unavailing.**

Hackensack also string-cites to a number of district court opinions from the Sixth Circuit. Just as with its other citations noted above, none of those Sixth Circuit

citations are helpful to Hackensack here. In *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545 (E.D. Mich. 2004),[4] *Cross v. AMC Detroit, Inc.*, No. 1-11968, 2019 WL 2570371 (E.D. Mich. June 20, 2019),[5] and *Watson v. Advanced Distribution Servs., LLC*, 298 F.R.D. 558 (M.D. Tenn. 2014), there is no indication that pre-certification discovery was imposed over the plaintiff's objections and, indeed, it appears the pre-certification discovery period and briefing schedule was agreed to by the plaintiff. *See, e.g.,* Exhibit H at 5-6 (*Watson* Docket Entry No. 32 at 5-6) ("The parties shall complete discovery on the conditional certification issue by September 13, 2013. … Plaintiff shall file his motion for conditional certification on or before October 4, 2013.").

*Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819 (N.D. Ohio 2011) is similarly unhelpful and it's surprising Hackensack relies on *Creely* at all, since defense counsel Jim Boudreau was also counsel of record for the defendant in that case and therefore is well aware the parties jointly agreed to conduct pre-certification discovery—the defendant did not impose a delay so it could conduct discovery before responding to a motion for conditional certification. *See* Exhibit I (*Creely* Docket Entry No. 15). Further, in *Creely*,

---

[4]   The *Olivo* case is so old that the joint scheduling/status report filed in that case is not publicly available for download on PACER. However, given the plaintiff moved for conditional certification on January 5, 2004 (Docket Entry No. 8), and the defendant responded 28 days later on February 2, 2004 (Docket Entry No. 9), it appears the court in *Olivo* did not order a delay or stay in briefing so the defendant could conduct discovery before filing a response.

[5]   Similar to *Olivo*, the scheduling order in *Cross* that was referenced in the opinion is not publicly available on PACER, so there is no explanation of *why* the court ordered pre-certification discovery and there is no indication such pre-certification discovery was opposed by the plaintiff.

discovery was not unilaterally imposed on the plaintiff in a way that delayed resolution of the plaintiff's motion for conditional certification.

In *Hambrick v. Promevo*, No. 19-17-DLB-CJS, 2020 WL 3621315 (E.D. Ky. July 2, 2020), the defendant took the plaintiff's deposition without opposition prior to the plaintiff moving for conditional certification (*see* Exhibit J (*Hambrick* Docket Entry No. 35)) and the docket demonstrates no extensions of time were requested or granted for defendant's deadline to respond to conditional certification. *Hambrick* is wholly inapposite. The same is true in *Neff v. U.S. Xpress, Inc.*, No. 2:10-cv-00948, 2013 WL 1131070, at *4 (S.D. Ohio Mar. 18, 2013) (where the opinion specifically notes it was the *plaintiff*, not the defendant, who conducted limited discovery before moving for conditional certification) and *Jimenez v. Lakeside Pic-N-Pac, L.L.C.*, No. 1:06-CV-456, 2007 WL 4454295 (W.D. Mich. Dec. 14, 2007) (*see* Exhibit L at 6-8 (*Jimenez* Docket Entry No. 22 at 6-8) (wherein the plaintiff proposed a 6-month period of discovery before moving for conditional certification and informed the court that they "expect to be able to file a [motion for conditional certification] within 30 days after the close of Pre-Certification Discovery.").

In short, the only case that's arguably on point is *Fogg*, and that case demonstrates why the Court should *deny* Hackensack's request here rather than grant it. The Court should take note of Hackensack's multitude of citations to inapposite case law.

**B.    Hackensack asks the Court to adopt a heightened standard for conditional certification contrary to Third Circuit case law.**

Hackensack's Motion to Delay Briefing also blatantly attempts to "back-door" a heightened standard for FLSA conditional certification (like the heightened standards implemented by Fifth Circuit in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021) and/or the Sixth Circuit in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023)[6] in clear contravention of the Third Circuit's adopted two-step framework for resolving FLSA conditional certification, under the false pretense of needing a pre-notice "discovery period" to respond to Schelhas's Motion for Conditional Certification. *See* Dkt. 45-1 at 10-11.

This is not Defense Counsel's first attempt to have a District Court in New Jersey ignore binding Third Circuit precedent and impose a heightened standard on FLSA conditional certification. In *Fogg*, 2023 WL 1794836 at *2 and n.2, defense counsel Boudreau asked Judge McNulty to ignore Third Circuit precedent and apply the one-step test used in *Swales*. Judge McNulty denied Mr. Boudreau's request. *Id.* In fact, every district court in the Third Circuit to address the question has expressly rejected the heightened *Swales* approach. *See also Hagans v. Nat'l Mentor Healthcare, Inc.*, No. CV 22-00128-KMW-SAK, 2023 WL 2554159, at *2 (D.N.J. Mar. 17, 2023); *Wofford v. Seba*

---

[6]    Hackensack cites *Clark* to argue the Sixth Circuit now embraces a "single-step process" for evaluating motions to send notice under the FLSA. *See* Dkt. 45-1 at 15. That is flatly incorrect, as *Clark* expressly declined to adopt the single-step process for issuing FLSA notice employed by the Fifth Circuit. *See Clark*, 68 F.4th at 1009.

*Abode, Inc.*, No. 2:20-cv-00084-RJC, 2021 WL 3113215 at *3 n.5 (W.D. Pa. Jul. 22, 2021) (summarily rejecting defendant's argument to apply *Swales*). In line with courts in the Third Circuit, virtually no court outside of the Fifth Circuit has adopted the *Swales* approach to assessing whether FLSA notice should be issued. *See, e.g., Clark*, 68 F.4th at 1009 (declining to adopt *Swales*).[7]

The same is true for the Sixth Circuit's new approach in *Clark*: no court outside of the Sixth Circuit has adopted the *Clark* approach. *See, e.g., Hernandez v. KBR Servs., LLC*, No. 3:22-cv-530-HEH, 2023 WL 581595, at *6 (E.D. Va. Aug. 11, 2023) ("This Court declines Defendants' invitation to apply either of these standards [in *Swales* or

---

[7] *See also, Lazaar v. Anthem Cos., Inc.*, No. 22-cv-3075 (JGK), --- F. Supp. 3d ----, 2023 WL 4113034, at *3 (S.D.N.Y. June 22, 2023) (rejecting *Swales* and finding "[t]here is no basis for this Court to depart from the two-step certification procedure endorsed by the [Second Circuit]."); *Peck v. Mercy Health*, No. 4:21-CV-834 RLW, 2023 WL 1795421, at *3 (E.D. Mo. Feb. 7, 2023) ("this Court is unaware of a single case from within the Eighth Circuit that applies the *Swales* standard." (collecting cases)); *Green v. Perry's Restaurants Ltd.*, No. 21-cv-0023-WJM-NRN, 2022 WL 16744795, at *2 n.4 (D. Colo. Nov. 7, 2022) (declining to apply *Swales* because it was neither binding precedent nor persuasive in its reasoning (citing *Morris v. MPC Holdings, Inc.*, No. 20-cv-02840-CMA-NYW, 2021 WL 4124506, at *2 (D. Colo. Sept. 9, 2021)); *Park v. Unum Group Corp.*, No. 20-8901-MWF (AGRx), 2022 WL 17251964, at *3 (C.D. Cal. Aug. 2, 2022) (noting courts "in the Ninth Circuit have rejected similar attempts by defendants to incorporate [*Swales*'s] more rigorous up-front standard" given Ninth Circuit precedent, and collecting cases); *Thomas v. Maximus, Inc.*, No. 3:21-cv-498 (DJN), 2022 WL 1482010, at *3 (E.D. Va. May 10, 2022) (declining to apply *Swales* and collecting cases from the Fourth Circuit that also rejected the *Swales* approach); *Wright v. Waste Pro USA, Inc.*, No. 0:19-cv-62051-KMM, 2021 WL 1290299, at *2 (S.D. Fla. Apr. 6, 2021) (rejecting *Swales* and noting "the two-step approach has long been the procedure used by district courts within the Eleventh Circuit in determining whether to certify a FLSA collective action."); *Piazza v. New Albertsons, Inc.*, No. 20-cv-03187, 2021 WL 365771, at *5 n.6 (N.D. Ill. Feb. 3, 2021).

-13-

*Clark*] 'and will follow the approach of a litany of other courts within the Fourth Circuit, which have done the same [in applying the lenient two-step standard] when presented with this issue.'" (internal citation omitted)); *Thornton v. Tyson Foods, Inc.*, No. 5:22-CV-05077, --- F. Supp. 3d ----, 2023 WL 4712035, at *4 (W.D. Ark. July 24, 2023) (rejecting both *Swales* and *Clark*, noting "at least five circuits endorse or sanction district courts' use of the two-step framework."); *Lazaar*, 2023 WL 413034, at *4 n.3 ("Like *Swales*, *Clark* provides no compelling reason for this Court to depart from the 'modest factual showing' counseled by [Second Circuit precedent]."). This Court too should decline Hackensack's illicit request to ignore binding precedent and adopt a heightened standard for conditional certification.

Perhaps recognizing Third Circuit courts are not receptive to requests to abandon the Third Circuit's long-standing FLSA certification framework, Hackensack now requests "discovery" for the purpose of undermining the lenient two-step framework while not expressly challenging it *directly*. Specifically, Hackensack is attempting to impose an "intermediary" or "modest-plus" evidentiary standard which is only sparingly utilized by courts in the Third Circuit after parties have conducted "significant" or "substantial" discovery. *See, e.g., Morisky v. Pub. Serv. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 497-98 (D.N.J. 2000) (analysis went beyond first-step because 100 individuals had opted-in and discovery had completed); *Sloane v. Gulf Interstate Field Servs., Inc.*, No. 4:16-cv-01571, 2017 WL 1105236 (M.D. Pa. Mar. 24, 2017) (utilizing "intermediate standard" where the parties conducted significant discovery, noting "the

more discovery you have received, the more searching a standard to which your motion to certify will be held."). There is simply no good reason to permit Hackensack to unilaterally impose a heightened standard by forcing the parties to engage in unnecessary pre-certification discovery.

There is no other way to describe Hackensack's requested three-month's long delay of briefing, followed by "new" briefing, as these excessive delays have no place in resolving a simple Motion for Conditional Certification under the established "modest factual showing" standard. *See* Dkt. 45-1 at 6, n.2 (noting that "Plaintiff will ultimately want to supplement his Motion with evidence obtained in discovery"). The Court should reject Hackensack's request to apply a heightened evidentiary standard for resolving Schelhas's Motion for Conditional Certification.

## C.    Hackensack's proposed 90-day delay is unnecessary.

Hackensack complains discovery is "necessary" here because Schelhas "wants this Court to authorize [notice] … on his say so." *See* Dkt. 45-1 at 5. Hackensack's gripe is not only inaccurate, it demonstrates Hackensack is fully capable of responding to Schelhas's Motion today without the need for *any* discovery.[8] Relevant case law also demonstrates there is no basis to delay briefing under these circumstances.

---

[8]    Schelhas did not ask for notice to issue based on just his "say so." Schelhas's Motion for Conditional Certification is supported by the pleadings, his sworn declaration, and the sworn declarations of three other Opt-In Plaintiffs providing detailed and specific facts substantiating the allegations that other healthcare workers are similarly situated due to Hackensack's alleged violative company policies. *See* Dkt. 41. Simply calling these declarations "inadmissible hearsay" does not magically make them so. *See* Dkt. 45-1 at

At the outset, District Courts in the Third Circuit have long authorized notice based on the same (or less) evidence provided by Schelhas (only the pleadings and one or more affidavits) without the need for any other discovery or evidence from the defendant. *See Russo v. Gov't Emps. Ins. Co.*, No. 2:21-CV-17234-BRM-JBC, 2022 WL 3098107, at *3 (D.N.J. Aug. 3, 2022) (granting conditional certification based on the complaint and a single declaration, noting that "a court examines 'both the pleadings and affidavits in support of or in opposition to the proposed collective action.'" (citing *Pearsall-Dineen*, 27 F. Supp. 3d at 569; *Ying Yang*, 2019 WL 1275059; *Asirifi v. W. Hudson Sub-Acute Care Ctr., LLC*, No. 11-04039, 2014 WL 294886, at *2 (D.N.J. Jan. 24, 2014)); *see also Petkovic v. Bloomberg L.P.*, No. 19-9471 (ZNQ) (TJB), 2023 WL 2263898, at *3 (D.N.J. Feb. 28, 2023) (authorizing notice based on three declarations and noting that "[p]laintiffs are permitted to rely on affidavits or declarations to satisfy their burden [at conditional certification]"); *Greene v. Cnty. of Essex*, No. 2:23-CV-00572, 2023 WL 4526029, at *2 (D.N.J. July 13, 2023) (authorizing notice to the collective based on the plaintiffs' declarations and the declarations of two putative collective members); *Arriaga*, 2023 WL 2706822, at *1 (authorizing FLSA notice based on four declarations and without any deposition testimony); *Hagans*, 2023 WL 2554159, at *2 (authorizing

---

3 n.2. However, Hackensack's willingness to engage in such arguments shows it does not need discovery to respond to Schelhas's Motion: if Hackensack believes Schelhas's factual showing fails to meet the lenient conditional certification standard, Hackensack can explain why it believes so in a response brief. Hackensack's misplaced belief that Schelhas's evidentiary showing is insufficient **does not warrant a 90-day stay of briefing**. It warrants a response from Hackensack.

notice to the collective based on six declarations). Indeed, conditional certification has been granted based on the named plaintiff's lone declaration. *Doe v. Banc, Jack & Joe LLC*, No. 17-cv-03843 (KSH) (CLW), 2020 WL 2832621, at *5 (D.N.J. June 1, 2020) (noting courts have approved conditional certification "even where there was only one plaintiff" (citations omitted)); *Lucke v. PPG Indus.*, No. 13-CV-966, 2013 WL 6577772, at *4 (W.D. Pa. Dec. 16, 2013) (holding that the plaintiff's single affidavit "sets forth sufficient facts to show that there are similarly situated employees with regard to job requirements, job titles, hours or work and pay structures"); *see also Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 452-53 (E.D.N.Y. 2014) (citing cases in which conditional certification was granted on the basis of one employee's claims).

Hackensack boldly states preliminary discovery is both "common" and "necessary" for the Court to rule on FLSA conditional certification. But again, relevant caselaw disproves Hackensack's position. While discovery can sometimes occur pre-notice, such pre-certification discovery is not "necessary." And importantly, such pre-certification discovery is usually initiated by the *plaintiffs* to gather more evidence in support of conditional certification; not by the defendant in an effort to delay or challenge conditional certification. *See supra* at Sec. 2.A.i-iii.

Simply put, discovery is not a pre-requisite for conditional certification. *See Elliott v. Amspec Servs., LLC*, No. 10-CV-6575 (DMC) (JAD), 2011 WL 6002019, at *2 (D.N.J. Nov. 29, 2011) (noting that in assessing whether to issue FLSA notice, "the merits of Plaintiff's claim need not be evaluated and **discovery need not be completed**."

(emphasis added, citing *Aquilino v. Home Depot, Inc.*, No. 04-4100, 2006 WL 2583563, at *2 (D.N.J. Sept. 6, 2006)). "**At the notice stage, the court normally has only evidence in the form of pleadings and affidavits**." *Id.*, at *2 (emphasis added). Indeed, "courts have declined to consider evidence offered by defendants in opposition to a plaintiff's motion for conditional [ ] certification … [and i]nstead have held that such evidence is relevant in the second stage of the … analysis." *Wellens v. Daiichi Sankyo, Inc.*, No. C-13-00581 DMR, 2014 WL 1422979, at *2-3 (N.D. Cal. Apr. 11, 2015).

Discovery procured by the *defendant* is especially irrelevant in assessing a motion for conditional certification at the first-step inquiry because courts do not reach the merits of the claims, resolve factual disputes, or assess credibility of the plaintiff's witnesses when ruling on such a motion. *See Goodman*, 2012 WL 5944000, at *6 ("[A]t this stage, the Court must refrain from addressing the merits of Plaintiffs' claim and making credibility determinations. Rather, at the second stage of collective action certification, the Court will consider the individual differences among [those] who actually opt in, as the Plaintiff must prove by a preponderance of the evidence that the actual members of the proposed collective action are similarly situated."). As such, no matter what evidence the defendant might present to challenge conditional certification, it has no bearing on whether the plaintiff can meet their lenient burden.

Even the authority on which Hackensack relies does not support its position. *See supra* at Sec. 2.A.i-iii. Indeed, no discovery is required ***at all*** in order for a plaintiff to meet the lenient standard for conditional certification. *See supra* at Sec. 2.A.ii (citing

*Kaiser*, 2012 WL 13042875, at *4 and n.7; *Herring*, 2007 WL 2121693, at *3; *Given*, 2018 WL 925996, at *2).

*Porter v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 17-8043 (FLW) (TJB), 2018 WL 5874094 (D.N.J. Nov. 9, 2018) is instructive here. In *Porter*, the plaintiff moved for conditional certification, relying solely on the allegations in the complaint and two sworn declarations. *Id.* at *1, *3. In granting conditional certification, Judge Wolfson refused a defendant's request to defer ruling on conditional certification pending resolution of various discovery disputes. *Id.* at *2 n.2. Judge Wolfson denied that request, finding the plaintiff met the minimal burden for conditional certification while noting that "almost no discovery ha[d] been exchanged[.]" *Id.* In refusing the defendant's request to stay determination on conditional certification pending discovery, Judge Wolfson presciently explained that "any further delay in ruling on the motion may have statute of limitations implications for Plaintiff's claims[.]" *Id.*

Hackensack surely knows that such defense-initiated pre-certification discovery is unnecessary to resolve Schelhas's Motion for Conditional Certification, because it cited *Fogg* in support of its request. In *Fogg*, the plaintiffs moved for conditional certification less than a month after filing an amended complaint. Instead of simply responding to that motion, the defendant (led by Jim Boudreau) obtained a ruling from Magistrate Judge Clark delaying briefing on the plaintiffs' motion so the defendant could conduct discovery before it was required to respond to that motion (*i.e.*, the same request Hackensack asks for here). Due to the disruption in briefing caused by the

defendant's requested stay to conduct discovery, resolution of plaintiffs' motion for conditional certification was delayed by 18 months. *Fogg*, 2023 WL 1794836, at *8. In the end, none of the discovery the defendant conducted during that protracted delay affected the outcome of conditional certification—Judge McNulty granted the plaintiffs' motion, ordered FLSA notice to be issued, and declined to address or consider the defendant's proffered evidence. *Id.* at *3. That protracted delay forced the parties to spend significant time, energy, and resources briefing the issue of equitable tolling, which Judge McNulty also ultimately granted. *Id.* at *7-8. Denying Hackensack's similar request here would likely avoid such protracted delay and eliminate the need for the parties and the Court to wrestle with the issue of equitable tolling to address Hackensack's procedural maneuvers.

Given the clear guidance from a wealth of cases finding no defense-initiated discovery is necessary to brief FLSA conditional certification, that such attempts to argue the merits, raise factual disputes, and challenge the plaintiffs' credibility is misplaced at this stage, and in *Fogg* where such defense-initiated discovery did not affect the outcome of the motion at aside from causing massive delay and forcing the parties to spend considerable extra energy briefing tolling, Hackensack has failed to demonstrate that a stay is warranted here or that any discovery it might conduct would be relevant in opposing Schelhas's Motion for Conditional Certification.

**D.    Hackensack will suffer no prejudice if the Court denies its Motion to Delay Briefing. Conversely, Putative Collective Members will be actively harmed by a delay in briefing.**

Though Hackensack frames its motion as a request for Court's permission to "conduct limited discovery," it is simply an unfounded request to stay the briefing schedule on Schelhas's Motion for Conditional Certification. Hackensack's Motion to Delay Briefing does not once state that Hackensack would be harmed if the Court denied its request, which should be fatal to Hackensack's request here. That is because no harm could possibly befall Hackensack if it has to respond to Schelhas's Motion for Conditional Certification before it can conduct the discovery it claims to seek.

As discussed above, none of the "discovery" Hackensack wants to conduct will be relevant in responding to the Motion for Conditional Certification; all of that discovery will still be relevant at the second-stage inquiry. "At this stage in the litigation, the Court is only looking for minimal evidentiary showings from the parties. **Defendants will have ample opportunity to conduct further discovery and depose witnesses before the second stag**e of [the FLSA collective action certification] inquiry." *Shakib v. Back Bay Rest. Grp., Inc.*, No. 10-cv-4564 (DMC) (JAD), 2011 WL 5082106, at *4 (D.N.J. Oct. 26, 2011) (emphasis added, citing *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 58 (S.D.N.Y. 2009)). Since Hackensack will have every opportunity to conduct the discovery it claims to seek during the second stage of the FLSA certification inquiry, and can "equitably reverse the conditional certification if necessary" upon a motion for decertification after the close of discovery, *Kaiser*, 2012

-21-

WL 13042875, at *5, Hackensack will suffer zero prejudice if the Court denies Hackensack's Motion to Delay Briefing and requires Hackensack to respond to within the time limits prescribed by the local rules.

On the other hand, if the Court grants Hackensack's Motion to Delay Briefing, the Putative Collective Members will be actively harmed by the delay in resolving conditional certification that will follow. Hackensack does not address this result head-on, and instead jumps ahead to arguing that tolling is "contrary to the FLSA"[9] and that it would be "premature" to rule on equitable tolling at this juncture. *See* Dkt. 45-1 at 13. Hackensack thus tacitly recognizes that such a defense-initiated delay in briefing (and the further delay that would follow in resolving the Motion for Conditional Certification) will run the clock on Putative Collective Members' FLSA claims. It simply wants this Court to let that happen, and wants the parties to brief equitable tolling separately. *Id.* Given the clear guidance that tolling should be granted in this precise situation, *see Fogg*, 2023 WL 1794836, at *7-8, Hackensack's ask demonstrates it merely wants to delay briefing and force the parties to spend unnecessary time and energy briefing that issue.

---

[9]    Hackensack's assertion that tolling is "contrary to the FLSA's statutory text" is not only flat wrong, but also craven. Mr. Boudreau made this same argument in *Fogg* and Judge McNulty soundly rejected it. *See* Exhibit M (*Fogg* Docket Entry No. 63 at 10 (arguing a request for tolling "[c]ontradicts the FLSA's [e]xpress [s]tatutory [l]anguage.")). Given Mr. Boudreau lost on this exact issue in *Fogg*, thus informing Mr. Boudreau that tolling is *not* contrary to the FLSA's text, Mr. Boudreau's unwarranted opposition to tolling, while at the same time seeking to cause massive delay in FLSA notice, can only be described as duplicitous.

Hackensack's actions to date demonstrate Hackensack's improper motive in running the clock on the Putative Collective Members' FLSA claims. Initially, despite moving this Court to continue its response deadline by 90 days (or terminate Schelhas's conditional certification motion altogether) to conduct "limited" discovery, Hackensack has only recently served written discovery on Schelhas. Hackensack has otherwise not requested any depositions. The fact that Hackensack waited so long to initiate its discovery request demonstrates a lack of diligence, urgency, or immediate need for discovery responses on Hackensack's part.

Hackensack's true goals of delaying Schelhas's Motion for Conditional Certification are also illustrated by the parties' prior communications. Though Hackensack did not include this information in its motion, Schelhas expressly *agreed* to Hackensack's requested extension of the briefing schedule on the simple (and necessary) condition that the Putative Collective Members' statutes of limitations be equitably tolled to account for the defense-caused delay to resolving conditional certification. *See* Dkt. 36 at 4. But Hackensack refused that offer to toll the limitations period to prevent such harm. *See* Dkt. 44 at 2. If Hackensack truly sought limited discovery for a valid purpose, it would have agreed to Schelhas's requested tolling to prevent harm to the Putative Collective Members resulting from the delay Hackensack would cause by conducting such discovery during a delay in briefing.

Ironically, the very authority Hackensack relies on to *support* its requested stay, *Fogg*, 2023 WL 1794836, also demonstrates tolling is appropriate if a defense-initiated

-23-

delay in briefing occurs.[10] As Hackensack's counsel was also the defendant's counsel of record in *Fogg*, the propriety of tolling in this circumstance should not be a surprise to Hackensack. But Hackensack's opposition to tolling given the authority in *Fogg* and other cases upon which Hackensack relies is a surprise. Hackensack just wants to have its cake (a stay of briefing on conditional certification, which will undoubtedly delay resolution of that motion) and eat it too (not toll the wasting statutes of limitations for the affected Putative Collective Members).

All Hackensack needed to do in order to achieve its stated end-goal was agree to toll the FLSA limitations period for the future opt-in plaintiffs. That Hackensack refuses to do that gives away the game that Hackensack and its counsel are playing. The two-step framework explicitly approved by the Third Circuit renders defense-initiated pre-notice discovery unnecessary to resolve a motion for conditional certification,[11] and because such pre-notice discovery is often unhelpful as was the case in *Fogg*,

---

[10]  As well as *Boyd* (Exhibit A) and *Casarez* (Exhibit K).

[11]  Hackensack is already in possession of all relevant employment-related documents that pertain to Schelhas, the Opt-In Plaintiffs, and all Putative Collective Members. The documentary evidence in Hackensack's possession, along with unfettered access to its own Human Resources department, and Plaintiff and the Putative Collective Members' direct supervisors is more than sufficient to respond to the pending conditional certification motion without further delay. Hackensack's side note that many of the Putative Collective Members "belong to unions" (*see* Dkt. 45-1 at 11) is completely irrelevant here, as collective bargaining agreements cannot override the requirements of the FLSA. *Bell v. Southeastern Penn. Transp. Auth.*, 733 F.3d 490, 494 (3d Cir. 2013) ("An employee's right to relief under the FLSA … is distinct from an employee's contractual rights as provided in a collective bargaining agreement." (citing *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 745 (1981) ("[T]he FLSA rights petitioners seek to assert in this action are independent of the collective-bargaining process.")

Hackensack's requested discovery will not "move the needle" or assist the Court in reaching its determination. The only effect of Hackensack's request is to significantly delay the issuance of notice to the Putative Collective Members, thus diminishing their valuable and viable claims by wasting their statutes of limitations.[12]

### 3. CONCLUSION

For the reasons stated herein, Hackensack's Motion to Delay Briefing should be denied, Schelhas's Motion for Conditional Certification should be reinstated with a motion return date at the earliest possible availability, and the Court should order Hackensack to file a response in a timely manner without further delay. Alternatively, should the Court grant Hackensack's request to delay briefing, Schelhas reserves the right to seek equitable tolling by way of separate motion.

---

[12] Plaintiff promptly filed his motion for conditional certification, and it was returnable on October 16, 2023. The Court later re-set that return date to November 6, 2023, before administratively terminating Schelhas's Motion. Should this Court grant the relief requested by Hackensack, the Motion for Conditional Certification would not be returnable until March 1, 2024, if not later. That date presumes that this Court enters an order authorizing notice on the day the renewed motion becomes returnable, 90 days after the November 6, 2023, setting.

Date: October 23, 2023

Respectfully submitted,

*/s/ Camille Fundora Rodriguez*
Camille Fundora Rodriguez
NJ Bar No. 017642011
**BERGER MONTAGUE, PC**
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
215-875-4635 – Telephone
215-875-4604 – Facsimile
crodriguez@bm.net

*/s/ William M. Hogg*
Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

William C. Alexander (*Pro Hac Vice*)
Austin W. Anderson (*Pro Hac Vice*)
**ANDERSON ALEXANDER, PLLC**
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone
361-452-1284 – Facsimile
clif@a2xlaw.com
austin@a2xlaw.com

*Counsel for Plaintiff, Class, and Collective Members*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 23, 2023, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Camille Fundora Rodriguez*
Camille Fundora Rodriguez
