# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALAN SCHELHAS, individually and for others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**HACKENSACK MERIDIAN HEALTH, INC.,**<br><br>Defendant. | Case No. 23–cv–02466–CCC–ESK<br><br>**OPINION AND ORDER** |

**KIEL, U.S.M.J.**

 **THIS MATTER** having come before the Court on defendant Hackensack Meridian Health, Inc.'s (HMH) motion to conduct limited discovery (Limited Discovery Motion) relevant to the Court's potential authorization of notice pursuant to the Fair Labor Standards Act (FLSA) (ECF No. 45); and plaintiff Alan Schelhas, who is proceeding individually and for others similarly situated, having filed opposition to the Limited Discovery Motion (ECF No. 53); and HMH having filed a reply (ECF No. 54); and Schelhas having filed a sur-reply (ECF No. 55); and the Court finding:

 1. As set forth in the complaint filed on May 4, 2023, Schelhas asserts a putative class and collective action against HMH for failing to pay the appropriate hourly wages and overtime wages to its employees in violation of the FLSA, the New Jersey Wage and Hour Law, and the New Jersey Wage Theft Act. (ECF No. 1 pp. 1–31.) Specifically, Schelhas alleges that the affected individuals were all hourly, non-exempt employees who received: (a) an automatic meal period deduction after May 4, 2020, regardless of whether a meal break was taken; and (b) shift differentials, hazard pay, or bonuses after May 4, 2020, as those amounts may have been improperly calculated by HMH. (ECF No. 41-1 p. 7.) Schelhas worked as a patient care technician at a medical facility operated by HMH from May 2014 through November 2022. (ECF No. 1 pp. 1, 3, 9.)

 2. On September 18, 2023, Schelhas filed a motion for conditional certification and for leave to serve notices on potential class members (Conditional Certification Motion). (ECF No. 41.) On September 27, 2023, HMH filed the Limited Discovery Motion, arguing that: (a) "preliminary discovery has long been common in putative FLSA collective actions"; (b) the putative class

in this case may consist of over 20,000 individuals who were employed across several facilities controlled by HMH, and thus "some preliminary discovery … is necessary to provide the foundational evidence needed to determine if … Schelhas is colorably similarly situated to the putative collective action members"; and (c) certain potential class members may "belong to unions and are thus subject to collective bargaining agreements."   (ECF No. 45-1 pp. 8, 11.)

3. On October 19, 2023, HMH requested in a letter that the Conditional Certification Motion be, in effect, administratively terminated pending the resolution of the Limited Discovery Motion.  (ECF No. 50.)  Schelhas filed a letter objecting to HMH's request approximately three hours later on October 19, 2023, arguing that: (a) a delay may cause certain claims to run afoul of the relevant statute of limitations; and (b) HMH's true goal is to assail the "credibility [of Schelhas and the other class members], argue factual disputes, or argue the merits of the FLSA claims."  (ECF No. 51 pp. 2, 3.)  On that same day, I entered an order: (a) administratively terminating without prejudice the Conditional Certification Motion with leave to Schelhas to refile after the Limited Discovery Motion is resolved; and (b) granting Schelhas "leave to move for equitable tolling of the relevant statute of limitations, if [HMH] will not so stipulate and if appropriate."  (ECF No. 52.)

4. Schelhas filed opposition to the Limited Discovery Motion on October 23, 2023, arguing that HMH's request for limited discovery is: (a) unnecessary; (b) merely designed to delay the prosecution of the case; and (c) an attempt to argue the merits of the case prematurely.  (*See generally* ECF No. 53.)

5. I intend to grant the Limited Discovery Motion in part.  It is standard practice in the District of New Jersey to the point of being axiomatic that limited discovery is permitted in FLSA collective actions before the issue of conditional certification is addressed, as demonstrated by the case law presented by HMH and as indicated by my own independent research.  *See Arriaga v. Anthony Logistics of Hudson Cnty. LLC*, No. 22-00495, 2023 WL 2706822, at *2 n.4 (D.N.J. Mar. 30, 2023) (holding in an FLSA collective action that "[c]ourts usually consider conditional certification *after* the parties have engaged in limited discovery" (emphasis added)); *Gui Hua Ding v. Baumgart Rest., Inc.*, No. 18-10358, 2020 WL 7768387, at *3 (D.N.J. Dec. 30, 2020) (holding same); *Toney v. B&G Foods, Inc.*, No. 19-14131, 2019 WL 13217384, at *1 (D.N.J. Oct. 22, 2019) (same); *Vasquez v. Spain Inn, Inc.*, No. 19-00452, 2019 WL 5258197, at *3 (D.N.J. Oct. 17, 2019) (same); *Beauregard v. Hunter*, No. 16-05689, 2017 WL 1032780, at *2 (D.N.J. Mar. 16, 2017) (same); *Shala v. Dimora Ristorante, Inc.*, No. 16-03064, 2016 WL 7386954, at *2 (D.N.J. Dec. 21, 2016) (same); *Essex v. Children's Place, Inc.*, No. 15-05621, 2016 WL 4435675, at *4 (D.N.J. Aug. 16, 2016) (same); *see also Siu Ching Ha v. 4175 LLC*, No. 15-05530, 2018 WL 1509090, at *3 (D.N.J.

Mar. 27, 2018) (holding same in denying a motion for conditional certification of FLSA collective action for being premature). The same holds true for other District Courts within the Third Circuit. *See, e.g.*, *Katz v. DNC Servs. Corp.*, 275 F.Supp.3d 579, 582 (E.D. Pa. 2017) (holding that "[f]ollowing … limited discovery, plaintiffs in a FLSA collective action generally petition the court for conditional certification of a class").

6. In addition, several District Courts within the District of New Jersey have held either implicitly or explicitly that conducting limited discovery before resolving a motion for conditional certification in FLSA collective actions is a necessary component for: (a) determining whether a named plaintiff is similarly situated to the other employees in the proposed class; and (b) attempting to avoid a vicious cycle consisting of conditional certification motions, denials without prejudice, and renewed motions. *See, e.g.*, *Fogg v. Clean Harbors Env't Servs., Inc.*, No. 21-07626, 2023 WL 1794836, at *2 (D.N.J. Feb. 7, 2023); *Pasquale v. Tropicana Atl. City Corp.*, No. 20-06909, 2022 WL 2816897, at *1 (D.N.J. July 19, 2022); *Depalma v. Scotts Co., LLC*, No. 13-07740, 2019 WL 2206087, at *1, *2 (D.N.J. May 22, 2019); *Freeman v. Sam's East Inc.*, No. 17-01786, 2018 WL 5839857, at *1 (D.N.J. Nov. 8, 2018); *Magee v. Francesca's Holdings Corp.*, No. 17-00565, 2018 WL 10602187, at *2, *3 (D.N.J. Nov. 6, 2018); *Essex*, 2016 WL 4435675, at *2; *Ornelas v. Hooper Homes, Inc.*, No. 12-03106, 2013 WL 1693703, at *1 (D.N.J. Apr. 17, 2013); *Harriel v. Wal-Mart Stores, Inc.*, No. 11-02510, 2012 WL 2878078, at *1 (D.N.J. July 13, 2012); *see also Goodman v. Burlington Coat Factory*, No. 11-04395, 2012 WL 5944000, at *5, *6 (D.N.J. Nov. 20, 2012) (addressing a motion for conditional certification by relying on the limited discovery conducted previously). Furthermore, in a case such as the one presented here wherein the number of potential class members may approach or exceed 20,000 current and former employees, it is apparent that "the Court will benefit from a more developed record when considering … [the] motion for conditional certification." *Toney*, 2019 WL 13217384, at *2 (concerning a purported FLSA collective action). In granting the Limited Discovery Motion, my holding is not unique and it is not unexpected.

7. The District Courts within the District of New Jersey are not alone among the District Courts in the Third Circuit in recognizing the usefulness of engaging in limited discovery before addressing the issue of conditional certification in a proposed FLSA collective action. *See, e.g.*, *Brown v. Kadence Int'l, Inc.*, No. 22-01097, 2023 WL 2614587, at *2 (E.D. Pa. Mar. 23, 2023); *Kyem v. Merakey USA*, No. 19-05577, 2022 WL 425584, at *1 (E.D. Pa. Feb. 11, 2022); *McGhee v. TOMS King, LLC*, No. 19-01470, 2021 WL 1176097, at *2 (W.D. Pa. Mar. 29, 2021); *Johnston v. Titan Logistics & Res., LLC*, No. 17-01617, 2019 WL

3

4345725, at*4 (W.D. Pa. Sept. 12, 2019); *Alvarez v. BI Inc.*, No. 16-02705, 2018 WL 2288286, at *2 (E.D. Pa. May 17, 2018).[1]

8. I note that Schelhas should not profess to be surprised that HMH is seeking limited discovery on the issue of conditional certification at this early juncture in the case. Indeed, HMH raised the possibility of engaging in limited discovery in the proposed joint discovery plan filed by the parties on September 11, 2023. (*See* ECF No. 36 p.4.)

9. Schelhas argues in its sur-reply that HMH has presented arguments in its reply in support of the Limited Discovery Motion (*see* ECF No. 54) that improperly address issues that must await resolution in the Conditional Certification Motion. (ECF No. 55 p.1 (arguing HMH's reply "is more appropriately described as a response to [the] Conditional Certification [Motion] because it spends the vast majority of its 15 pages arguing that Schelhas has not made the requisite showing sufficient to grant conditional certification in this case").) I am well-aware of the issues that were to be addressed in the Limited Discovery Motion. (*See* ECF No. 52 (order entered on October 19, 2023 indicating that I intended to focus on the issues addressed in the Limited Discovery Motion, and administratively terminating the Conditional Certification Motion).) Any overreaching by HMH in the briefing for its reply, while regrettable, was not persuasive.

10. Schelhas argues that the *Fogg* case cited above does not counsel in favor of granting limited discovery. *See Fogg v. Clean Harbors Env't Servs., Inc.*, No. 21-07626, 2023 WL 1794836 (D.N.J. Feb. 7, 2023). Schelhas argues that it is:

> clear … that such 'limited pre-certification discovery' had zero impact on … [the] resolution of … [a] motion [for conditional certification], in which the court granted conditional certification and ordered FLSA notice to be issued over the defendant's objections (and in the face of the defendant's request that the court impose a heightened evidentiary standard).

(ECF No. 53 p.10.) The *Fogg* opinion, however, specifically relied upon the discovery procured during the limited discovery period in granting the motion for conditional certification therein. *See* 2023 WL 1794836, at *3 (citing to

---

[1] Although the parties cited a fair amount of case law in their briefing from outside of the Third Circuit, there was sufficient case law from the District of New Jersey and other District Courts within the Third Circuit to resolve the Limited Discovery Motion.

4

deposition testimony provided after limited discovery was directed).[2]  In any event, Schelhas's assertion that the limited discovery "had zero impact" is conjecture.

11.  I understand plaintiffs' reticence in agreeing to limited discovery while conditional certification remains undecided, in view of issues arising from the statute of limitations for collective actions.  I encourage the parties to file a stipulated consent to extend the limitations period up to the end of the limited discovery period immediately.  If HMH will not agree to so stipulate — and again, I am urging the parties to come to an agreement — Schelhas is free to move to toll the statute of limitations.  I cannot predict the ruling on such a motion, but it would appear that filing the motion would be well-advised and viewed favorably based on my reading of the relevant case law.  Furthermore, HMH itself concedes that "the Court can rectify … Schelhas'[s] claimed prejudice later via an order that retroactively tolls the FLSA limitations period for those individuals properly joined."  (ECF No. 45-1 p.13.)

12.  Although HMH asks for 90 days in which to be permitted to conduct limited discovery (*see generally* ECF Nos. 45-1, 54), I intend to set the limited discovery period for 60 days.   If I were not anticipating the need to accommodate counsel and the parties in view of the upcoming holidays in November and December, I certainly would set an even shorter time period for limited discovery.

13.  Schelhas raises concerns in his sur-reply that HMH may attempt to go beyond what would be required for discovery that is limited to the issue of conditional certification.  (ECF No. 55.)   I would encourage HMH to be mindful of Schelhas's concerns and to fully cooperate in engaging in discovery that it truly "limited."   Any delays caused by HMH in cooperating with Schelhas to complete limited discovery during the 60-day period by making requests that are overbroad will only serve to harm HMH's interests.   Schelhas has already demonstrated that he is prepared to risk filing a Conditional Certification Motion without the benefit of engaging in limited discovery beforehand.  I have no intentions of extending that period without a showing of extraordinary circumstances.   Lack of cooperation will not be deemed to demonstrate such a showing.[3]

---

[2] *See* D.N.J. Case No. 21-07626, ECF No. 39 (order dated October 28, 2021 directing limited discovery); *id.* ECF Nos. 60-1, 60-2 (deposition testimony from November 29, 2021 and November 30, 2021 cited in the *Fogg* opinion).

[3] The parties are directed to cease filing individual dispute letters.  (*See* ECF Nos. 43, 44, 50, 51.)   For instance, the filing of separate letters within a span of three hours demonstrates a lack of cooperation and is inappropriate.  (*See* ECF No. 50 (filed by HMH on October 19, 2023 at 11:27 a.m.); ECF No. 51 (filed by Schelhas the same day at 2:36

Accordingly,

**IT IS** on this   6th day of **November 2023**   **ORDERED** that:

1. The Limited Discovery Motion is **GRANTED**.

2. The Clerk is directed to terminate ECF No. 45.

3. The parties are directed to confer and to submit a proposed joint discovery schedule by **November 13, 2023** for the purposes of engaging in limited discovery — including a limited number of depositions and limited document production — on the issue of conditional certification only.  The schedule shall set forth that the limited discovery period will end by **January 16, 2024**.

4. Schelhas is granted leave to file a renewed Conditional Certification Motion on or after **January 17, 2024**.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**

---

p.m.).)  The parties shall cooperate, allow each other sufficient time to confer, and file their submissions jointly.

6