UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALAN SCHELHAS, individually and for others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HACKENSACK MERIDIAN HEALTH, INC.,<br><br>Defendant. | Case No. 23–cv–02466–CCC–ESK<br><br>OPINION AND ORDER |

**KIEL, U.S.M.J.**

    **THIS MATTER** having come before the Court on plaintiff's motion to equitably toll the statute of limitations for the potential opt-in plaintiffs' Fair Labor Standards Act (FLSA) claims (Tolling Motion) (ECF No. 66); and defendant Hackensack Meridian Health, Inc. (HMH) opposing the Tolling Motion (ECF No. 68); and plaintiff having filed a reply (ECF No. 72); and the Court finding:

    1.    Plaintiff Alan Schelhas worked as a patient care technician at an HMH medical facility from May of 2014 through November of 2022. (ECF No. 1 pp. 1, 3, 9.) Schelhas brought this action in May of 2023 on behalf of himself and all other HMH employees similarly situated, alleging that HMH failed to pay the appropriate hourly wages and overtime wages in violation of the FLSA, the New Jersey Wage and Hour Law, and the New Jersey Wage Theft Act. (*Id.* pp. 1–31.) Specifically, Schelhas alleges that HMH: (a) assessed employees for an automatic meal break deduction after May 4, 2020, regardless of whether a break was taken; and (b) miscalculated shift differentials, hazard pay, and bonuses after May 4, 2020. (*Id.*)

    2.    On July 7, 2023, HMH requested an extension of time to August 31, 2023 to file its answer, which the Court granted that same day. (ECF Nos. 7, 8.) On July 19, 2023, the Court set an initial scheduling conference for September 14, 2023. (ECF No. 27.) HMH filed its answer on August 31, 2023. (ECF No. 32.)

    3.    Schelhas filed a motion for conditional certification (Conditional Certification Motion) and for court-authorized notice on September 18, 2023. (ECF No. 41.) In response, HMH cross-moved on September 27, 2023 to conduct

limited discovery (Limited Discovery Motion) relevant to the Court's potential authorization of notice pursuant to the FLSA. (ECF No. 45) On October 19, 2023, I administratively terminated the Conditional Certification Motion without prejudice, and with leave to Schelhas to seek to renew the Conditional Certification Motion after resolution of the Limited Discovery Motion when appropriate. (ECF No. 52.) Schelhas opposed the Limited Discovery Motion on October 23, 2023, HMH replied on October 30, 2023, and Schelhas filed a sur-reply on November 3, 2023. (ECF Nos. 53, 54, 55.)

4. On November 6, 2023, I granted the Limited Discovery Motion and set a limited-discovery deadline for January 16, 2024. *Schelhas v. Hackensack Meridian Health, Inc.*, No. 23-02466, 2023 WL 7298474, at *4 (D.N.J. Nov. 6, 2023). I reasoned that "the number of potential class members may approach or exceed 20,000 current and former employees, [and] it is apparent that the Court will benefit from a more developed record when considering the motion for conditional certification." *Id.* at *2 (internal quotation marks, original alterations, and citation omitted). I also encouraged the parties to amicably reach an agreement concerning an extension of the FLSA limitations period. *Id.* at *4. In doing so, I expected the parties to genuinely cooperate and to complete the task of limited discovery by the January 16, 2024 deadline. Unfortunately, that has not occurred. The parties have presented several extensive discovery disputes requiring resolution, with each party casting aspersions on the intentions of the adversary. (*See* ECF No. 67 (joint dispute letter filed on January 16, 2024 comprised of 186 pages including exhibits); ECF No. 71 pp. 1–6 (HMH's supplemental dispute letter filed on January 25, 2024 comprised of six pages of argument); ECF No. 73 (joint dispute letter filed on February 8, 2024 comprised of two pages).)

5. Schelhas now moves to equitably toll the FLSA statute of limitations for the potential opt-in employees beginning from September 18, 2023, *i.e.*, when he initially filed the Conditional Certification Motion, to the date that the Court eventually rules on a renewed motion for conditional certification, which is to be filed when limited discovery is complete. (*See generally* ECF No. 66-1.) In opposition, HMH argues "in an effort to compromise" that a tolling period extending from October 16, 2023, *i.e.*, the original return date of the Conditional Certification Motion, to January 16, 2024, *i.e.*, the current deadline for limited discovery, would be more appropriate. (*See* ECF No. 68 pp. 10, 11, 25, 26; ECF No, 68-1 p. 2.) HMH also argues that any ruling that extends the equitable tolling period beyond the suggested compromise dates would be tantamount to issuing an "improper advisory opinion." (ECF No. 68 p. 8; *see id.* p. 24 (arguing the same).)

6. The FLSA statute of limitations requires potential opt-in members for a collective action to file written consent to join the lawsuit within a certain timeframe. *See* 29 U.S.C. §256; *see also* 29 U.S.C. §§216(b), 255. The limitations period may be tolled as a matter of equity where, as in the situation presented here, a ruling on a promptly-filed Conditional Certification Motion has been delayed in order to permit limited discovery to be conducted. *See Fogg v. Clean Harbors Environmental Servs., Inc.*, No. 21-07626, 2023 WL 1794836, at *8 (D.N.J. Feb. 7, 2023) (equitably tolling the FLSA limitations period because, among other reasons, "the parties conducted limited pre-certification discovery"); *Depalma v. The Scotts Co. LLC*, No. 13-07740, 2017 WL 1243134, at *5, *8 (D.N.J. Jan. 20, 2017) (holding that because a decision on a motion for conditional certification was delayed, the limitations period would be equitably tolled to commence from the date on which that motion was filed); *see also Jones v. Silver Care Operations LLC*, No. 13-07910, 2017 WL 11672615, at *2 (D.N.J. Nov. 14, 2017) (holding "the equitable tolling doctrine is applicable to FLSA claims").

7. Schelhas diligently filed the Conditional Certification Motion within three weeks of HMH's filing of its answer. (*See* ECF No. 32 (indicating HMH's answer was filed on August 31, 2023); ECF No. 41 (indicating the Conditional Certification Motion was filed on September 18, 2023).) I might have been inclined to deny the Tolling Motion were it not for the extensive discovery disputes raised by the parties, but compromise among the parties during the limited-discovery period seems to have been mutually absent. As a result, I intend to toll the statute of limitations starting from September 18, 2023, when the original Conditional Certification Motion was filed. *See Fogg*, 2023 WL 1794836, at *1, *8 (doing the same); *Ornelas v. Hooper Holmes, Inc.*, No. 12-03106, 2014 WL 7051868, at *4 (D.N.J. Dec. 12, 2014) (holding the same in the interests of justice in an FLSA case).

8. However, I do not believe it would be appropriate for me at this juncture to equitably toll the FLSA opt-in limitations period through the date on which a ruling is issued for an eventual renewed motion for conditional certification. Whether to extend the period that far would best be left for the District Judge who will ultimately decide a renewed motion for conditional certification. *See Fogg*, 2023 WL 1794836, at *8 (statute of limitations equitably tolled to the date of decision on the renewed motion for conditional certification by the District Judge addressing the renewed motion); *Kaiser v. Daiichi Sankyo, Inc.*, No. 11-02414, 2012 WL 13042875, at *7, *8 (D.N.J. Apr. 27, 2012) (holding same in an FLSA case). Therefore, I will limit my discretion to equitably toll the limitations period to the date that Schelhas files a renewed motion for conditional certification.

9. HMH relies on the holding in *Sanchez v. Santander Bank, N.A.*, No. 17-05775, 2019 WL 6050738 (D.N.J. Nov. 15, 2019), wherein the imposition of equitable tolling as to the potential opt-in employees was rejected, but that holding is distinguishable for several reasons. (ECF No. 68 p. 22.) The Magistrate Judge in *Sanchez* issued a report and recommendation simultaneously addressing a pending motion for conditional certification and a pending motion to equitably toll the FLSA limitation period, whereas I am addressing the equitable-tolling issue alone. *See* 2019 WL 6050738, at *1. In addition, in stark contrast to the situation that I am faced with in this case, the defendant-employer in *Sanchez* was "not opposing the request for conditional certification" because the parties were apparently cooperating with each other and the defendant was merely opposing the method of notice to potential opt-in employees, and thus equitable tolling was not justified. *Id.*

10. HMH also relies upon *Ojeda v. Louis Berger Group (Domestic), Inc.*, No. 18-17233, 2020 WL 5757805 (D.N.J. Sept. 28, 2020), wherein the imposition of equitable tolling for potential opt-in employees in an FLSA case was denied. (*See* ECF No. 68 pp. 16, 21.) However, HMH's reliance on the holding in *Ojeda* is similarly misplaced. The named plaintiff in *Ojeda* not only conceded that "potential opt-in plaintiffs have not filed claims," but went as far as to admit that "it is unknown whether they ever will." 2020 WL 5757805, at *3; *see also Goh v. Nori O Inc.*, No. 16-02811, 2019 WL 1435915, at *4 n.5 (D.N.J. Mar. 31, 2019) (declining to equitably toll FLSA claims for "unknown prospective claimants" because the plaintiff had not shown there were potential opt-in members). That is simply not the situation in this case, as even HMH admits that there are 20,000 potential opt-in employees at issue here. (ECF No. 68 pp. 10, 19 n.5, 24.) Furthermore, the plaintiff's request for equitable tolling in *Ojeda* was filed 14 months after the case was initiated, and the plaintiff had yet to even file a motion for conditional certification. *See* 2020 WL 5757805, at *1 (noting the case was commenced in December 2018); D.N.J. Case No. 18-17233, ECF No. 218 (indicating a motion for equitable tolling was not filed until February 2020). Here, the Tolling Motion was filed within eight months of when the case was initiated, and only after the Conditional Certification Motion had been filed and administratively terminated to permit limited discovery to be conducted.

11. I do not fault HMH for filing the Limited Discovery Motion or for vigorously defending itself in this lawsuit. But in granting the imposition of equitable tolling up to the date when a renewed motion for conditional certification is filed, I am certainly not — as HMH argues — "extend[ing] the opt-in period *indefinitely*." (ECF No. 68 p. 8 (emphasis in original).) Rather, I am exercising my discretion to equitably prevent a "potential[ ] … trap for opt-in plaintiffs [that the] opt-in's FLSA claim may become untimely prior to their having received court-authorized notice," and as such the "[o]pt-in plaintiffs'

4

FLSA claims are … particularly vulnerable to the running of the statute of limitations where, as here, motions for conditional certification and notice remain undecided for a significant period."  *Fogg*, 2023 WL 1794836, at *7; *see Depalma*, 2017 WL 1243134, at *7 (granting the imposition of equitable tolling, because from "the opt-ins' point of view" any delay "ha[d] nothing to do with them").

Accordingly,

**IT IS** on this   **14th** day of   **February 2024**   **ORDERED** that:

1. The Tolling Motion is **GRANTED** to the extent that Schelhas seeks to equitably toll the FLSA limitations period for opt-in employees from September 18, 2023 to the date on which a renewed motion for conditional certification is filed.  The Tolling Motion is **DENIED** without prejudice to the extent that Schelhas seeks to equitably toll the FLSA limitations period to the date that a decision is entered on a renewed motion for conditional certification, and with leave to Schelhas to move again for such relief before the District Judge addressing the renewed motion for conditional certification.  The Clerk shall **TERMINATE** the Tolling Motion at ECF No. 66.

                                                                */s/ Edward S. Kiel*
                                                                **EDWARD S. KIEL**
                                                                **UNITED STATES MAGISTRATE JUDGE**