# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALAN SCHELHAS, Individually and for Others Similarly Situated,**<br><br>**v.**<br><br>**HACKENSACK MERIDIAN HEALTH, INC.** | **Case No. 2:23-cv-02466-CCC-SBA** |

## PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)

## TABLE OF CONTENTS

1. Introduction. ................................................................................................1

2. HMH asks the Court to apply the incorrect legal standard. ............................ 2

   A. Schelhas's standard is a lenient evidentiary burden. .................................. 2

   B. Schelhas has met his light evidentiary burden............................................ 4

3. Schelhas has shown the Meal Break Collective is similarly situated. .................7

4. Schelhas has shown the Shift Diff Collective is similarly situated. ..................10

5. Plaintiff's personal knowledge of other facilities is not required......................12

6. Schelhas's proposed notice plan is reasonable and should be approved. .........13

7. Conclusion. ................................................................................................ 15

## Table of Authorities

Page(s)

**Cases**

*Adami v. Cardo Windows, Inc.*,
  299 F.R.D. 68 (D.N.J. 2014)......................................................................................1

*Am. Registry of Radiologic Technologists v. Bennett*,
  655 F. Supp. 2d 944 (D. Minn. 2009) ....................................................................14

*Arrington v. Mich. Bell Tel. Co.*,
  No. 10-10975, 2011 WL 3319691 (E.D. Mich. Aug. 1, 2011) ................................ 8

*Asirifi v. W. Hudson Sub-Acute Care Center, LLC*,
  No. 11-04039, 2014 WL 294886 (D.N.J. Jan. 24, 2014) ...............................7, 8, 9

*Camesi v. Univ. of Pittsburgh Med. Ctr.*,
  729 F.3d 239 (3d Cir. 2013).............................................................................2, 4, 6

*Campbell v. City of Los Angeles*,
  903 F.3d 1090 (9th Cir. 2018) ................................................................................ 6

*Chapman v. Saber Healthcare Grp., LLC*,
  623 F. Supp. 3d 664 (E.D. Va. 2022) ....................................................................10

*Clarke v. Flik Int'l Corp.*,
  No. 17-cv-1915, 2018 WL 3930091 (D.N.J. Aug. 16, 2018) ................................. 8

*Coan v. Nightingale Home Healthcare, Inc.*,
  No. 1:05-cv-0101-DFH-TAB, 2005 WL 1799454 (S.D. Ind. June 29, 2005).........5

*Cook v. W. Homestead Police Dep't*,
  No. 2:16-CV-01292-CRE, 2017 WL 1550190 (W.D. Pa. May 1, 2017)...............14

*Doe v. Banc, Jack & Joe LLC*,
  No. 17-cv-03843 (KSH) (CLW), 2020 WL 2832621 (D.N.J. June 1, 2020)......... 2

*Flynn v. Colonial Mgmt. Grp.*,
  No. 1:23-cv-00128-MIS-SCY, 2023 WL 7165194 (D.N.M. Oct. 31, 2023) .........10

*Fogg v. Clean Harbors Env't Servs., Inc.*,
  No. 21-7626 (KM) (JBC), 2023 WL 1794836 (D.N.J. Feb. 7, 2023)...........passim

*Goodman v. Burlington Coat Factory*,
No. 11-cv-4395, 2012 WL 5944000 (D.N.J. Nov. 20, 2012) ......................... 1, 5, 7

*Gray v. Delta Cnty. Mem'l Hosp. Dist.*,
No. 19-cv-02938-RBJ, 2021 WL 1329263, at *5 (D. Colo. Mar. 1, 2021) ............ 11

*Hagans v. Nat'l Mentor Healthcare, Inc.*,
No. 22-00128-KMW-SAK, 2023 WL 2554159 (D.N.J. Mar. 17, 2023) ................3

*Halle v. W. Penn Allegheny Health Sys. Inc.*,
842 F.3d 215 (3d Cir. 2016) ........................................................................4, 6

*Hardin v. Texian Group, Inc.*,
No. H-22-111, 2024 WL 1144269 (S.D. Tex. Mar. 15, 2024) ............................ 11

*Harriel v. Wal-Mart Stores, Inc.*,
No. 11-cv-2510, 2012 WL 2878078 (D.N.J. July 13, 2012).................................. 8

*Heath v. Google Inc.*,
215 F. Supp. 3d 844 (N.D. Cal. 2016) ..............................................................7

*Hunter v. Legacy Health*,
No. 3:18-CV-02219-AC, 2021 WL 24553 (D. Or. Jan. 4, 2021) ........................10

*Jesiek v. Fire Pros, Inc.*,
275 F.R.D. 242 (W.D. Mich. 2011) ..................................................................5

*Jewell v. Aaron's, Inc.*,
No. 1:12-CV-06-AT, 2012 WL 2477039 (N.D. Ga. June 28, 2012) .....................5

*Juarez v. 449 Rest., Inc.*,
29 F. Supp. 3d 363 (S.D.N.Y. 2014).............................................................. 13

*Kronick v. Bebe Stores, Inc.*,
No. 07-4514, 2008 WL 4546368 (D.N.J. Oct. 2, 2008) ...................................... 8

*Littlefield v. Dealer Warranty Servs. LLC*,
679 F. Supp. 2d 1014 (E.D. Mo. 2010)............................................................ 15

*Lucke v. PPG Indus.*,
No. 13-CV-966, 2013 WL 6577772 (W.D. Pa. Dec. 16, 2013) ............................ 2

*Lutz v. Huntington Bancshares Inc.*,
No. 2:12-cv-01091, 2013 WL 1703361 (S.D. Ohio Apr. 19, 2013).........................8

*Realite v. Ark Rests. Corp.*,
7 F. Supp. 2d 303 (S.D.N.Y. 1998)...................................................................5

*Reyes v. AT & T Mobility Servs. LLC*,
759 F. Supp. 2d 1328 (S.D. Fla. 2010)...........................................................5

*Rosario v. Valentine Ave. Disc. Store Co.*,
828 F. Supp. 2d 508 (E.D.N.Y. 2011) ...........................................................5

*Sharma v. Burberry Ltd.*,
52 F. Supp. 3d 443 (E.D.N.Y. 2014) .............................................................2

*Stanislaw v. Erie Indemn. Co.*,
No. 07-1078, 2009 WL 426641 (W.D. Pa. Feb. 20, 2009)...............................5

*Swales v. KLLM Trans. Servs., L.L.C.*,
985 F.3d 430 (5th Cir. 2021) ........................................................................3

*Symczyk v. Genesis HealthCare Corp.*,
656 F.3d 189 (3d Cir. 2011) ......................................................................5, 6

*Vargas v. HEB Grocery Co.*,
No. SA12-cv-116-XR, 2012 WL 4098996 (W.D. Tex. Sept. 17, 2012)...............5

*Vargas v. Richardson Trident Co.*,
No. H-09-1674, 2010 WL 730115 (S.D. Tex. Feb. 22, 2010) ...........................15

*Weller v. Dollar General Corp.*,
No. 17-2292, 2022 WL 22641883 (E.D. Pa. Mar. 2, 2022)...............................3

*White v. MPW Indus. Servs., Inc.*,
236 F.R.D. 363 (E.D. Tenn. 2006).................................................................5

*Yap v. Mooncake Foods, Inc.*,
146 F. Supp. 3d 552 (S.D.N.Y. 2015) ...........................................................13

*Zanes v. Flagship Resort Dev., LLC*,
No. 09-3736, 2010 WL 4687814 (D.N.J. Nov. 9, 2010) ...................................4

– v –

*Zaniewski v. PRRC Inc.*,
   No. 3:11-CV-01535 (CSH), 2012 WL 951936 (D. Conn. Mar. 20, 2012) ..............5

*Zavala v. Wal-Mart Stores, Inc.*,
   691 F.3d 527 (3d Cir. 2012)............................................................................3, 4

**Statutes**

29 U.S.C. § 216......................................................................................10, 11

**Rules**

Fed. R. Civ. P. 23 ....................................................................................... 11

## 1.    Introduction.

HMH's response puts the cart before the horse. Despite conceding its patient care workers are subject to the same automatic meal break deduction policies and common regular rate calculations, HMH argues Schelhas's evidence is not credible, there is too much disparity between the proposed collective members, or otherwise that its policies are legal, and so its employees should not be notified of their rights. HMH's arguments are irrelevant and inappropriate at this stage. *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 80 (D.N.J. 2014); *Goodman v. Burlington Coat Factory*, No. 11-cv-4395, 2012 WL 5944000, at *6 (D.N.J. Nov. 20, 2012). The only germane question is: has Schelhas met his minimal burden to show the Putative Collective Members are similarly situated? HMH does not credibly dispute that he has. As such, the Court should expeditiously grant his Motion.[1]

Schelhas has demonstrated HMH instituted company-wide policies: (1) automatically deducting 30 minutes from patient care workers' recorded work time for meal periods during which these employees were actually on-duty and working as a requirement of their direct patient care job duties; and (2) which fail to include all remuneration, such as shift differentials and bonuses, into employees' regular rates of pay. HMH's desperate attempt to prevent its employees from receiving

---

[1]    "Motion" and "Response" refer to the Parties' respective memorandums.

notice informing them of their FLSA rights falls flat. Schelhas has met his burden, and his Motion should be granted.

**2.      HMH asks the Court to apply the incorrect legal standard.**

**A.      Schelhas's standard is a lenient evidentiary burden.**

HMH asks the Court to apply a heightened standard for conditional certification. *See* Resp. at pgs. 22-23, 28. While HMH tries to muddy the waters by saying courts "have articulated two standards" (*id.* at p. 20), the case law is clear: Schelhas's burden is minimal and lenient. *Fogg v. Clean Harbors Env't Servs., Inc.*, No. 21-7626 (KM) (JBC), 2023 WL 1794836, at *2 (D.N.J. Feb. 7, 2023) (citing *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013)); *see also Doe v. Banc, Jack & Joe LLC*, No. 17-cv-03843 (KSH) (CLW), 2020 WL 2832621, at *5 (D.N.J. June 1, 2020) (conditional certification is warranted "even where there was only one plaintiff" (citations omitted)); *Lucke v. PPG Indus.*, No. 13-CV-966, 2013 WL 6577772, at *4 (W.D. Pa. Dec. 16, 2013) (plaintiff's single affidavit is sufficient to grant conditional certification); *see also Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 452-53 (E.D.N.Y. 2014) (citing cases in which conditional certification was granted on the basis of one employee's claims).

HMH incorrectly says "Plaintiff concedes" the relevant factors are those set out in *Weller v. Dollar General Corp.*, No. 17-2292, 2022 WL 22641883, at *17 (E.D.

– 2 –

Pa. Mar. 2, 2022). *See* Resp. at p. 28.  Not so. The court in *Weller* was citing to a portion of the Third Circuit's opinion in *Zavala v. Wal-Mart Stores* discussing the relevant factors for assessing the second stage of the FLSA certification inquiry— not the first stage. *Weller*, 2022 WL 22641883, at *17 (citing *Zavala v. Wal-Mart*, 691 F.3d 527, 536 (3d Cir. 2012)). The second stage level of review is not appropriate here.

Schelhas has never "conceded" the Court should assess FLSA conditional certification using the second stage inquiry; that is only appropriate after notice has already gone out and full discovery has been completed. *Fogg*, 2023 WL 1794836, at *2. HMH's citation to *Weller* on that point is misleading, but surely was not accidental. HMH also asks the Court to reject Third Circuit case law in favor of a Fifth Circuit case, *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021). Resp. at p. 19 n.7. [2] HMH's ask is improper—this Court is not permitted to jettison binding precedent in favor of a poorly-reasoned, oft-rejected Fifth Circuit case. *See, e.g., Hagans v. Nat'l Mentor Healthcare, Inc.*, No. 22-00128-KMW-SAK, 2023 WL 2554159, *2 n.2 (D.N.J. Mar. 17, 2023) (rejecting defendant's request to

---

[2]   This is not Defense Counsel's first time asking a court in this District to reject binding Third Circuit precedent in favor of *Swales*. *See Fogg*, 2023 WL 1794836, at *2 n.2 (defendant, in a brief signed by James Boudreau, made the same argument asking the court apply *Swales* over Third Circuit precedent; Judge McNulty rejected Mr. Boudreau's request in *Fogg*, too).

"abandon the Third Circuit's two-step process and apply the one-step process as described in *Swales*" and collecting cases rejecting *Swales*).

Despite HMH's best efforts to obfuscate the appropriate standard, this Court is required to follow the Third Circuit's approved two-step inquiry. *Halle v. W. Penn Allegheny Health Sys. Inc.,* 842 F.3d 215, 224 (3d Cir. 2016); *Camesi*, 729 F.3d at 243 (citing *Zavala*, 691 F.3d at 535). HMH may not like it, but case law is clear: Schelhas's burden is "fairly lenient" and requires only a "modest factual showing." *Camesi*, 729 F.3d at 243 (quoting *Zavala*, 691 F.3d at 536 & n.4).

### B.    Schelhas has met his light evidentiary burden.

HMH concedes that in the Third Circuit, "the required factual showing is lenient." Resp. at p. 20. HMH cites to *Zanes v. Flagship Resort Dev., LLC* for the proposition that courts in the Third Circuit have "articulated two standards to determine" whether to issue notice to potential opt-in plaintiffs. *Id.* (citing No. 09-3736, 2010 WL 4687814, at *4 (D.N.J. Nov. 9, 2010)).That is not accurate. *Zanes* pre-dates binding Third Circuit opinions like *Symczyk*, *Zavala*, *Camesi*, and *Halle*. The Third Circuit has clarified that "[u]nder the modest factual showing standard, a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected [him or] her and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare*

– 4 –

*Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013) (cleaned up). Schelhas met that standard; HMH is trying to move the goal posts.[3]

HMH also argues the Court should consider only "admissible evidence" in deciding Schelhas's Motion. *See* Resp. at p. 23 (citing *Stanislaw v. Erie Indemn. Co.*, No. 07-1078, 2009 WL 426641, at *2 (W.D. Pa. Feb. 20, 2009)). Here, Schelhas **has** provided ample admissible evidence to support conditional certification, including deposition testimony, declarations, documentary evidence, and a stipulation.[4] The evidence provided in support of Schelhas's Motion demonstrate he has substantially

---

[3]   For example, HMH tries to distinguish cases cited by Schelhas by arguing they "did not have preliminary discovery testing the assumption that collective members were, in fact, similarly situated." *See* Resp. at p. 28. HMH says that as if it were Schelhas who voluntarily sought out this discovery, rather than having discovery unilaterally imposed on him by HMH. *See* Dkt. 45; Dkt. 53. Regardless, the Court does not weigh credibility or resolve factual disputes at this stage. *Goodman*, 2012 WL 5944000, at *6.

[4]   It is worth noting district courts routinely find that requiring plaintiffs to submit dispositive motion-level evidence at first step inquiry stage "would defeat the purpose of the two-stage analysis." *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006) (citing *Coan v. Nightingale Home Healthcare, Inc.*, No. 1:05-cv-0101-DFH-TAB, 2005 WL 1799454, at *1 n.1 (S.D. Ind. June 29, 2005)); *see also Reyes v. AT & T Mobility Servs. LLC*, 759 F. Supp. 2d 1328, 1333 (S.D. Fla. 2010); *Vargas v. HEB Grocery Co.*, No. SA12-cv-116-XR, 2012 WL 4098996, at *2 (W.D. Tex. Sept. 17, 2012) (citing *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)); *Jewell v. Aaron's, Inc.*, No. 1:12-CV-06-AT, 2012 WL 2477039, at *5 n.6 (N.D. Ga. June 28, 2012); *Zaniewski v. PRRC Inc.*, No. 3:11-CV-01535 (CSH), 2012 WL 951936, at *6-7 (D. Conn. Mar. 20, 2012); *Rosario v. Valentine Ave. Disc. Store Co.*, 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011); *Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242, 247 (W.D. Mich. 2011).

alleged, provided a reasonable basis, and/or has otherwise shown it is plausible[5] that HMH engaged in company-wide conduct that is alleged to result in FLSA violations by: (1) failing to pay these workers for their on-duty meal periods and (2) failing to properly include all remuneration into these workers' regular rates of pay for purposes of calculating their overtime rates. *See* Motion and attached exhibits. [6] HMH admits Schelhas and the Collective Members are subject to HMH's common policies and practices regardless of job title or location worked. *See* Resp. at p. 1; Luciani Tr. at 41:21-45:20, 48:13-19, 60:6-16, 83:13-85-21, 101:7-102:7.

"Under the modest factual showing standard, [Schelhas] must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which [HMH's] alleged policy affected [him] and the manner in which it affected other employees." *Fogg*, 2023 WL 1794836, at *2 (quoting *Symczyk*, 656 F.3d at 193) (internal quotation marks omitted). Schelhas has done that here.

---

[5]  *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018) ("The level of consideration is 'lenient,' … sometimes articulated as requiring 'substantial allegations,' sometimes as turning on a 'reasonable basis,' but in any event loosely akin to a plausibility standard, commensurate with the stage of the proceedings." (citing *Camesi*, 729 F.3d at 243; *Halle*, 842 F.3d at 224).

[6]  Schelhas Decl. at ¶¶ 6, 15-16; Smith Decl. at ¶¶ 6, 15-16; Bogdan Decl. at ¶¶ 6, 14-15; *see also* Luciani Tr. at 41:21-45:20, 83:13-85-21, 101:7-102:7, 129:4-131:24; Exhibit B.

### 3.    Schelhas has shown the Meal Break Collective is similarly situated.

Rather than focus on the proper inquiry (*i.e.*, whether Schlehas has met his minimal burden), HMH attempts to argue Schelhas's evidence is not credible, that its meal break policies are legal, or that there are individual differences between the potential plaintiffs, all of which somehow preclude sending notice to HMH's employees informing them of their rights.

HMH's arguments that its meal break policies comply with the FLSA miss the mark.[7] *See* Resp. at pp. 23-24. HMH also argues Plaintiffs' declarations are not credible or are contradicted by their deposition testimony. *See* Resp. at pgs. 26-33. But "at this stage, the Court must refrain from addressing the merits of Plaintiffs' claim and making credibility determinations." *Goodman*, 2012 WL 5944000, at *6. Those arguments are reserved for the second stage inquiry. *Id.*

HMH points to *Asirifi v. W. Hudson Sub-Acute Care Center, LLC*, No. 11-04039, 2014 WL 294886 (D.N.J. Jan. 24, 2014) as an example where a court denied

---

[7]   HMH's argument that its written policies ***facially*** comply with the FLSA miss the point. That a written policy proclaims to comply with the law "is insufficient to negate [Schelhas's] assertions at this stage." *Heath v. Google Inc.*, 215 F. Supp. 3d 844, 854 (N.D. Cal. 2016). "Having such a policy does not necessarily shield a company from [an FLSA] suit, particularly in light of the evidence and allegations presented here. If the Court were to conclude otherwise, no [FLSA] suit would proceed past the conditional certification stage—today, most, if not all, companies are well versed in [wage and hour] law and make great efforts to ensure that their written policies comply with [wage and hour] law." *Id.*

(without prejudice) conditional certification of automatic meal break claims. *See Resp.* at pgs. 23-24. *Asirifi* is readily distinguishable. In moving for conditional certification, the two plaintiffs submitted "time cards to evidence the hours that they worked and argue that other potential [collective] members are similarly situated because Defendant's policy was 'uniformly instituted again [sic] all non-exempt employees' and 'resulted in hourly employees being denied proper compensation for all hours worked.'" *Id.* at *3. The conclusory evidence at issue in *Asirifi* is a far cry from the detailed and substantive evidence before the Court here.[8]

---

[8]   The other cases cited by HMH are distinguishable for similar reasons. *See Harriel v. Wal-Mart Stores, Inc.*, No. 11-cv-2510, 2012 WL 2878078, *3 (D.N.J. July 13, 2012) (denying conditional certification when the only evidence was the plaintiff's declaration and no other individual had opted into the case); *Arrington v. Mich. Bell Tel. Co.*, No. 10-10975, 2011 WL 3319691, at *4 (E.D. Mich. Aug. 1, 2011) (HMH cited to claim "conclusory allegations are insufficient" where court reviewed 2 declarations by the plaintiffs compared to 4 declarations submitted by defendant— very different from the declarations, documentary evidence, and deposition testimony presented by Schelhas here); *Lutz v. Huntington Bancshares Inc.*, No. 2:12-cv-01091, 2013 WL 1703361, at *2 (S.D. Ohio Apr. 19, 2013) (despite citing to *Lutz* in its effort to show the Court can deny a motion for conditional certification at this stage, HMH fails to mention the court granted certification and, like in *Lutz*, Schelhas has presented more than enough evidence showing he is similarly situated to the potential plaintiffs); *Kronick v. Bebe Stores, Inc.*, No. 07-4514, 2008 WL 4546368, at *3 (D.N.J. Oct. 2, 2008) (the court found the declarations were "so bereft of detail that they hardly address the critical issues required" and thus denied for failure to meet the "modest factual showing", which is not the case here); *Clarke v. Flik Int'l Corp.*, No. 17-cv-1915, 2018 WL 3930091 (D.N.J. Aug. 16, 2018) (HMH cites to argue Schelhas cannot show he is similarly situated to the potential plaintiffs through "substantial allegations" but declines to mention the *Clarke* court granted conditional certification with only two declarations filed in support).

For example, Schelhas provided the Court with a corporate representative deposition where HMH: (1) admits its written meal break policies apply to all Meal Break Collective Members across all HMH facilities (*see* Luciani Tr. at 41:9-19, 101:19-102:7); (2) admits HMH's written meal break policies specifically permit Meal Break Collective Members' supervisors to interrupt their meal breaks and, when that happens, HMH should pay the employees for the full 30 minutes (*id.* at 60:17-24); (3) admits all HMH employees with direct patient care job responsibilities owe a duty of care to their assigned patients which HMH "drills into every one of its patient care workers" (*id.* at 79:10-80:9); and (4) agreed with Schelhas that, in accordance with that duty of care, patient care workers are not allowed to say "no" when asked for help with a patient or staff member who needed assistance with an emergency situation. *Id.* at 170:11-172:7 ("I don't dispute what [Schelhas] is saying is true and accurate."). Taken together, HMH concedes that all non-exempt patient care employees are subject to HMH's automatic meal period deduction policy, while at the same time are subject to interruption as a matter of policy and are required to remain on-duty as a requirement of patient care duties during those unpaid meal periods. Judge Cavanaugh was not presented with such evidence in *Asirifi*.

Here, Schelhas has provided competent evidence showing that, as applied to patient care workers like the Meal Break Collective Members, HMH's automatic

– 9 –

meal break deduction policy results in these workers performing uncompensated work due to their legal duty of care owed to their assigned patients. At this stage, that is sufficient to grant conditional certification. *See, e.g., Flynn v. Colonial Mgmt. Grp.*, No. 1:23-cv-00128-MIS-SCY, 2023 WL 7165194, at *10 (D.N.M. Oct. 31, 2023) (citing *Chapman v. Saber Healthcare Grp., LLC*, 623 F. Supp. 3d 664, 675 (E.D. Va. 2022)); *Hunter v. Legacy Health*, No. 3:18-CV-02219-AC, 2021 WL 24553, at *7 (D. Or. Jan. 4, 2021).

**4.    Schelhas has shown the Shift Diff Collective is similarly situated.**

HMH filed a motion for partial summary judgment on February 21, 2025, claiming it properly calculated the regular rate of pay under the FLSA. *See* Dkt. 108. Prior to doing so, HMH stipulated there was a common formula for this regular rate across all its facilities, regardless of job position, for all Putative Collective Members. *See* Exhibit B. HMH's motion for partial summary judgment is grossly premature because the Parties have not engaged in any merits discovery. However, it ***does*** confirm that Schelhas's FLSA shift differential regular rate claims are properly certifiable under 29 U.S.C. § 216(b) because, as HMH has now judicially admitted, the liability for that claim is properly litigated up or down on a collective-wide basis. *See, e.g., Gray v. Delta Cnty. Mem'l Hosp. Dist.*, No. 19-cv-02938-RBJ, 2021 WL

1329263, at *5 (D. Colo. Mar. 1, 2021) ("[I]ndeed, certification is in defendant's best interest if [HMH] is confident it will win on the merits[.]").

Even more, HMH concedes the regular rate claim can be properly adjudicated on a summary judgment basis by relying on *common evidence* in the form of HMH's timekeeping and payroll records showing specifically which workweeks Schelhas and the Shift Diff Collective Members earned shift differentials and worked over 40 on-the-clock hours. HMH's judicial admission on this point is not only sufficient to satisfy the similarly situated standard under 29 U.S.C. § 216(b), it would also be sufficient to satisfy the more stringent predominancy requirement under Rule 23. *See Hardin v. Texian Group, Inc.*, No. H-22-111, 2024 WL 1144269, at *4 (S.D. Tex. Mar. 15, 2024) (finding regular rate claims under New York's wage-and-hour overtime law, which is virtually identical to the FLSA requirements, were susceptible to common evidence in the form of employer's timesheets and pay records and therefore predominated over any individualized issues under Rule 23 standard). If such common evidence like this would meet Rule 23's predominance standard, it surely suffices to meet the lenient evidentiary standard for conditional certification. As such, the Court should find Schelhas has met his lenient burden here.

HMH wants the Court to blindly believe, by offering only cherry-picked evidence, it calculates the regular rate correctly under the FLSA.[9] That remains to be seen. For purposes of Schelhas' Renewed Motion, HMH's motion for partial summary judgment moots its opposition to conditional certification for the Shift Diff Collective *entirely*. The Court should issue notice without delay given HMH's concession.

**5.    Plaintiff's personal knowledge of other facilities is not required.**

HMH argues the declarants and deponents lack personal knowledge about what happens at other HMH facilities in an effort to resist sending notice to the workers at those facilities. *See* Resp. at p. 27. Plaintiff's lack of personal knowledge about the goings-on at other facilities does not render the workers at those facilities dissimilar, especially where HMH's corporate representative confirmed HMH's non-exempt employees are all subject to the same relevant policies and practices regardless of specific job title or location worked. *See* Luciani Tr. at 41:21-45:20, 48:13-19, 60:6-16, 83:13-85:21, 101:7-102:7. And where a plaintiff offers evidence indicating a widespread policy or pattern of management, lack of plaintiff's personal knowledge does not hinder granting conditional certification across multiple

---

[9]    HMH has so far refused to produce Plaintiffs' payroll records showing in which workweeks their shift differentials were earned, which deprives them of the ability to evaluate the merits of HMH's regular rate affirmative defense.

locations. *See, e.g., Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 563 (S.D.N.Y. 2015); *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 371 (S.D.N.Y. 2014).

Moreover, declarants and deponents here **do** have relevant personal knowledge that cross locations—they all have personal knowledge of their patient care duties and how that impacts their inability to be fully relieved during attempted meal periods. HMH's corporate representative agreed with Schelhas on all salient points underlying the meal break claims and conceded the declarants all described similar experiences, regardless of the declarant's specific job title or location worked, which tends to show widespread policy or pattern of management. *See* Luciani Tr. at 167:5-207:5. Furthermore, cases with similar facts often grant conditional certification. *See* Motion at p. 25-30 (collecting cases).

**6.     Schelhas's proposed notice plan is reasonable and should be approved.**

HMH declined to address any issues with Schelhas's proposed notice aside from a footnote on the last page of its brief, requesting an additional opportunity to brief notice issues. Schelhas was able to adequately brief his proposed notice and distribution plan using only 35 pages. HMH does not explain why 40 pages was not enough to explain its objections to Schelhas's proposed notice plan, if any. Perhaps if HMH focused on relevant topics for its response rather than improperly arguing the merits or credibility issues, which HMH knows are not appropriate to litigate at

this first stage of the proceedings, HMH could have saved enough space to address all the objections to Schelhas's notice plan that it might want to raise in the future (which is obviously just another delay tactic on HMH's part).

The only argument HMH makes against Schelhas's proposed notice plan is that "multiple forms and methods of notice are [ ] improper[,]" and says posting the notice is unnecessary where notice can be mailed. *See* Resp. at p. 40 n.14. Defense Counsel made similar arguments in *Fogg*, which were soundly rejected. *Fogg*, 2023 WL 1794836, at *7 (approving notice via mail, email, text, plus a reminder, and requiring defendant to post the notice in break rooms). HMH's same objections here are equally meritless. Aside from this lone objection, HMH's purposeful choice to omit its other arguments serve as a concession on those issues. *See Cook v. W. Homestead Police Dep't*, No. 2:16-CV-01292-CRE, 2017 WL 1550190, at *3 (W.D. Pa. May 1, 2017) (failure to respond to arguments "will be read as a concession of those arguments, if not a waiver of those issues"); *Am. Registry of Radiologic Technologists v. Bennett*, 655 F. Supp. 2d 944, 946 n.2 (D. Minn. 2009) ("It is well established that a party concedes an issue by failing to address it in an opposing brief." (collecting cases)). HMH has waived all other arguments or opposition to Schelhas's proposed notice language and dissemination plan.

The general rule is that plaintiffs should be permitted to use the language of their choosing in an FLSA notice so long as it is accurate and reasonable. *Littlefield v. Dealer Warranty Servs. LLC*, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010) ("[T]he court should not alter plaintiff's proposed notice, unless certain changes are necessary."); *Vargas v. Richardson Trident Co.*, No. H-09-1674, 2010 WL 730115, at *11 (S.D. Tex. Feb. 22, 2010) ("[T]he general rule is that absent reasonable objections to plaintiffs' proposed [ ] notice, the plaintiffs should be allowed to use the language of their choice in drafting the notice."). HMH offers no valid reason to depart from that general rule here, nor does it attempt to argue Shelhas's proposed notice language is inaccurate or unreasonable in any way. Schelhas's proposed notice language is therefore presumptively acceptable and should be approved without modification. Schelhas proposed a notice dissemination plan that was supported by ample authority and, in large measure, is routine in FLSA cases. *See* Motion at pgs. 31-34; *see also Fogg*, 2023 WL 1794836, at *7. The Court should not entertain further delay in sending notice simply because HMH willingly declined to brief the issue.

**7.    Conclusion.**

For the reasons stated herein, Schelhas respectfully requests the Court grant his Renewed Motion for Conditional Certification in its entirety. Plaintiff further requests any such relief to which he may be entitled at law or in equity.

Date: February 28, 2025

Respectfully submitted,

*/s/ Camille Fundora Rodriguez*
Camille Fundora Rodriguez
NJ Bar No. 017642011
**Berger Montague pc**
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
215-875-4635 – Telephone
215-875-4604 – Facsimile
crodriguez@bm.net

*/s/ William M. Hogg*
Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
Olivia R. Beale (*Pro Hac Vice*)
**Josephson Dunlap llp**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com
obeale@mybackwages.com

William C. Alexander (*Pro Hac Vice*)
Austin W. Anderson (*Pro Hac Vice*)
**Anderson Alexander pllc**
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone
clif@a2xlaw.com
austin@a2xlaw.com

*Counsel for Plaintiff, Class, and Collective Members*

– 16 –

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I caused to be served (but did not file) the foregoing Reply brief on Defendant through its Counsel of Record, in accordance with this Court's Order at Dkt. No. 105, via U.S. Mail and email as follows:

>Kristine J. Feher (feherk@gtlaw.com)
>Micala Campbell Robinson (ronbinsonmi@gtlaw.com)
>Kristin Spallanzani (kristin.spallanzani@gtlaw.com)
>Scott P. Humphreys (humphress@gtlaw.com)
>GREENBERG TRAURIG LLP
>500 Campus Drive, Suite 400
>Florham Park, New Jersey 07932
>
>James P. Boudreau (james.boudreau@gtlaw.com)
>GREENBERG TRAURIG LLP
>Three Logan Square
>1717 Arch Street, Suite 400
>Philadelphia, Pennsylvania 19103
>
>*Counsel for Defendant Hackensack Meridian Health, Inc.*

## CERTIFICATION REGARDING FILING

I further certify that, in accordance with this Court's Order at Dkt. No. 105, same will be filed on the Court's docket and served on all parties of record via CM/ECF system on March 5, 2025.

*/s/ Camille Fundora Rodriguez*
Camille Fundora Rodriguez

– 17 –