# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

ALAN SCHELHAS, Individually and for Others Similarly Situated,

Plaintiffs,

v.

HACKENSACK MERIDIAN HEALTH, INC.

Defendant.

Judge Claire C. Cecchi
Magistrate Judge Stacey D. Adams

**Civil Action No.: 2:23-cv-02466-CCC-SDA**

---

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO TERMINATE

---

**GREENBERG TRAURIG, LLP**
Kristine J. Feher, Esq.
Micala Campbell Robinson, Esq.
Kristin Spallanzani, Esq.
Scott Humphreys, Esq.
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel. (973) 360-7900
Fax (973) 301-8410
feherk@gtlaw.com
robinsonmi@gtlaw.com
spallanzanik@gtlaw.com
humphreyss@gtlaw.com
*Attorneys for Defendant,*
*Hackensack Meridian Health, Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................1

BACKGROUND ............................................................................................3

    I.    Relevant Procedural History.....................................................3

    II.    Relevant Discovery ...................................................................4

ARGUMENT ...............................................................................................7

    I.    PLAINTIFF'S MOTION TO TERMINATE IS IMPROPER ................7

    A. The Motion is Untimely Under Local Rule 7.1(d)(5).......................7

    B. The Declaration in Support of the Motion Violates L. Civ. R. 7.2(a)............................................................................................8

    II.    PLAINTIFF HAD ALL DISCOVERY REQUIRED TO OPPOSE HMH'S MOTION FOR PARTIAL SUMMARY JUDGMENT............11

    III.    ELIMINATING BASELESS CLAIMS WILL STREAMLINE THE CASE AND MINIMIZE WASTED RESOURCES ..............................13

CONCLUSION.............................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brewer v. Quaker State Oil Ref. Corp.*,
  72 F.3d 326 (3d Cir. 1995) ...................................................................10

*Cherilus v. Bloomingdale Operating Co.*,
  Civil Action No. 11-5633 (CCC), 2012 U.S. Dist. LEXIS 103482
  (D.N.J. July 25, 2012) .........................................................................8

*Chin v. Max One Retail LLC*,
  657 F. Supp. 3d 639 (D.N.J. 2023) ........................................................8

*Genesis Healthcare Corp. v. Symczyk*,
  569 U.S. 66 (2013) ............................................................................13

*Mickles v. Country Club Inc.*,
  887 F.3d 1270 (11th Cir. 2018) ...........................................................13

**Statutes**

28 U.S.C. § 1746 .....................................................................................8

FLSA .....................................................................................................13

**Other Authorities**

Civ. R. 7.1(b)(5) .......................................................................................3

Civ. R. 7.1(d)(2) .......................................................................................7

Civ. R. 7.1(d)(5) ...................................................................................4, 7

Civ. R. 7.2(a) ............................................................................................8

Civ. R. 56.1 ..............................................................................................8

Civ. R. 101.1(d) ........................................................................................4

F.R.C.P. 6(b)(1)(A) ...................................................................................4

Fed. R. Civ. P. 30(b)(6) ......................................................................5, 6, 7

Local Rule 7.1(d)(5)..................................................................................7

Local Rule 7.2 .......................................................................................10

## **PRELIMINARY STATEMENT**

Without citing any legal authority or precedent on point, Plaintiff asks this Court to terminate or continue HMH's Motion for Partial Summary Judgment, which was returnable on March 17, 2025. He asks for this relief not because it is just or proper, but in an attempt to rectify the fact that he failed to timely oppose HMH's Motion for Partial Summary Judgment. Plaintiff's desperate attempt falls flat. So, too, does the substance of his motion, because it contains improper and incorrect legal arguments that do not justify terminating or denying the Motion for Partial Summary Judgment.

HMH filed a Motion for Partial Summary Judgment because Plaintiff's claim that HMH failed to include shift differentials and bonuses earned by non-exempt employees in the "regular rate of pay" for purposes of calculating overtime compensation is based on pure speculation and is demonstrably false. Instead of filing a timely opposition supported by a response to HMH's Statement of Undisputed Material Facts ("SUMF") and record citations, as required by the federal and local rules, Plaintiff filed an improper and untimely Motion to Terminate.

Plaintiff's Motion to Terminate should be denied for several reasons. First, HMH's motion is procedurally proper, and defense counsel alerted Plaintiff and the Court at the last conference that it anticipated filing this precise motion. There are no rules in this jurisdiction precluding a motion for partial summary judgment, nor

is there a meet-and-confer prerequisite to filing such a motion. Second, Plaintiff cannot purport to represent a collective of individuals claiming that shift differentials and discretionary bonuses were improperly excluded from the regular rate of pay when he can offer no competent evidence that this happened to him, much less to any other members of the putative collective.  Thus, it behooved Plaintiff to conduct such discovery as was necessary to establish both that a policy or practice existed that, if proven, would violate the law, and that he was similarly situated in that regard to members of the proposed collective. HMH produced <u>all</u> of Plaintiff's wage statements and underlying pay data for the relevant time period in limited discovery, and made its Vice President of Payroll Operations, whose Certification supports the Motion for Partial Summary Judgment, available for 30(b)(6) deposition. That Plaintiff may not have taken the discovery necessary to oppose this motion is not a basis to dismiss or deny it. Third, it is appropriate and practical for the Court to dismiss these claims at this juncture. There is no dispute that HMH's payroll system applies the same formula to calculate overtime for all relevant non-exempt employees, and the undisputed evidence shows that shift differentials and non-discretionary bonuses were in fact always and automatically included in the overtime calculation. It would be inappropriate and misleading to even consider providing class notice to thousands of employees as to claims that are plainly and indisputably unfounded. For all these reasons, the Motion to Terminate should be denied.

2

## BACKGROUND

### I.    Relevant Procedural History

The parties appeared before Magistrate Judge Edward Kiel on September 14, 2023 for an initial scheduling conference, at which HMH informed the Court, as it had advised in the joint discovery plan submitted before the conference, that it intended to file a motion for limited discovery before conditional certification was addressed by the Court. The Court instructed the parties to confer on a briefing schedule prior to the filing of such motion.

On September 18, 2023, Plaintiff attempted to preempt that directive by filing his Motion for Conditional Certification before that discovery was conducted. The Court ordered and the parties thereafter completed the limited discovery (in November 2024).[1] (ECF No. 102).

On February 21, 2025, HMH filed its Motion for Partial Summary Judgment. (ECF No. 108). That motion was returnable March 17, 2025, and Plaintiff's deadline to file opposition was March 3, 2025. L. Civ. R. 7.1(b)(5).[2] Plaintiff did not file any

---

[1] During the July 18, 2024 and November 14, 2024 status conferences before Magistrate Judge Stacey D. Adams, HMH informed the Court (and Plaintiff) that it intended to file a motion for partial summary judgment.

[2] Plaintiff served his renewed motion for conditional certification in January 2025, which HMH opposed. The fully briefed motion was filed on March 5, 2025. (ECF No. 112). The Partial Motion for Summary Judgment, which was referenced in HMH's opposition, intended to obviate the need for consideration of whether Plaintiff was similarly situated to putative class members as to this issue, where Plaintiff cannot demonstrate any unlawful practice even as to himself.

3

opposition, nor did he seek adjournment of the motion by that deadline as required by the relevant rules. F.R.C.P. 6(b)(1)(A); L. Civ. R. 7.1(d)(5); L. Civ. R. 101.1(d). Instead, he filed the pending Motion to Terminate on March 4, 2025 – after the deadline for opposition to HMH's Motion for Partial Summary Judgment expired – and supported his motion with only a declaration of counsel and a memorandum of law. (ECF No. 110). Two days later (three days after the deadline to oppose summary judgment expired), Plaintiff filed a letter requesting that the Court treat his Motion to Terminate as an opposition to HMH's Motion for Partial Summary Judgment. (ECF No. 115). HMH opposed that request. (ECF No. 116). Plaintiff never responded to HMH's Statement of Undisputed Facts.

## II.    Relevant Discovery

In November 2023, Plaintiff served written discovery requests seeking information from HMH about its "policies, practices, and procedures pertaining to the calculation of compensation and payment of wages for Plaintiffs and Putative Collective Members during the relevant time periods, including but not limited to … calculation of Plaintiffs' and Putative Collective Members' regular rates of pay (taking shift differentials and nondiscretionary bonuses into account)…." (*See* Certification of Kristine J. Feher ("Feher Cert.") Ex. 1 at Interrogatory No. 5). Plaintiff also requested various forms of time and pay records. (*See* Feher Cert. Ex. 1 at Doc. Request Nos. 4, 9 and 10). HMH responded to the written discovery

4

demands in December 2023, subject to objections, with thousands of pages of records that included, but were not limited to, time keeping and recording policies, documentation of a bonus program in which Plaintiff participated, and Plaintiff's complete time records and payroll data for the relevant period, which reflect the bonuses and shift differentials he received as well as the calculation of his overtime pay, where applicable. (Feher Cert. Ex. 2).

In November 2023, Plaintiff also served a notice to take corporate representative testimony pursuant to Fed. R. Civ. P. 30(b)(6) seeking similar time and pay information.  While some aspects of Plaintiff's notice were disputed, such as the overbroad scope, HMH made no objection to testimony regarding shift differentials or discretionary bonuses paid or the manner in which the regular rate of pay was determined or overtime calculated with respect to Plaintiff and Opt-in Plaintiffs. Notably, at a February 2024 status conference before Judge Kiel, Plaintiff's counsel admitted that the claims regarding the proposed shift differential collective are "just math….It's either those amounts were included [in the regular rate for purposes of calculating overtime] or they weren't." (Feher Cert. Ex. 4 at 10:13-23). Plaintiff's counsel further explained that, "the only reason we want to take that 30(b)(6) deposition is to make sure that these issues that are raised in the case – meal breaks, regular rate calculations, can be answered on a collective basis." (*Id.* at 20:1-5). As such, Plaintiff not only recognized this issue but expressed his

intent to explore it in discovery.

After the February 15, 2024 status conference, Plaintiff served an amended notice to take 30(b)(6) testimony on, among other things, Topic No. 5: "Defendant's payroll calculations, software, and formulas used to calculate the regular rate with respect to Plaintiffs' and Putative Collective Members' shift differentials, hazard pay, and/or nondiscretionary bonuses." (Feher Cert. Ex. 3). As defense counsel had stated on the record at the February 15, 2024 status conference and as reiterated in written objections, HMH was prepared to produce two witnesses to address the 30(b)(6) topics (one to address Plaintiffs' more general topics regarding job descriptions, policies etc., and the other – Vice President of Payroll Operations, Lorraine Malfitano – to testify about issues relating to HMH's payroll systems and calculations). (Feher Cert. Ex. 4 at 20:11-16). Plaintiff's counsel expressed that he did not wish to depose a second witness and suggested instead that the parties enter a stipulation as to Topic 5. On March 25, 2024, before the Rule 30(b)(6) deposition, the parties entered a stipulation as to Topic 5, which excluded certain HMH facilities, but stipulated that "Defendant has used and continues to use the same payroll system, software, and underlying formulas for calculating the regular rate of its non-exempt, hourly-paid employees at all [relevant] facilities within its network from May 4, 2020 through the present." (Feher Cert. Ex. 5). Plaintiff chose not to depose Ms. Malfitano and did not pursue any other discovery relating to time and pay records or

calculations after the Rule 30(b)(6) deposition.

## ARGUMENT

### I.     PLAINTIFF'S MOTION TO TERMINATE IS IMPROPER.

#### A. The Motion is Untimely Under Local Rule 7.1(d)(5).

Pursuant to L. Civ. R. 7.1(d)(5), "[t]he original motion day of a dispositive motion may be adjourned once by a party opposing the motion, without the consent of the moving party, the Court, or the Clerk." A request for an automatic extension must be filed and served upon all other parties **before the date on which opposition papers would otherwise be due under L. Civ. R. 7.1(d)(2)**. Plaintiff did not file any such request.

His Motion to Terminate now seeks dismissal or adjournment of HMH's Motion for Partial Summary Judgment but was untimely filed <u>after</u> opposition to HMH's motion was due and does not satisfy the requirements of L. Civ. R. 7.1(d)(5), as it does not specify whether an automatic extension had previously been sought or if the motion return date had been otherwise extended or adjourned; does not propose a new return date; and does not indicate whether Plaintiff obtained consent (he did not). The rules do not provide for an extension of time to respond to a properly noticed, filed, and served dispositive motion under these circumstances.

Plaintiff's even later request, several days after his opposition was due, that the Court consider his Motion to Terminate as opposition to HMH's Motion for

7

Partial Summary Judgment, suffers from even greater flaws. Plaintiff never responded to HMH's SUMF (ECF No. 108-2), and all facts contained therein are therefore admitted. *See* L. Civ. R. 56.1 ("any material fact not disputed *shall* be deemed undisputed for purposes of the summary judgment motion." (emphasis added)); *see also Chin v. Max One Retail LLC*, 657 F. Supp. 3d 639, 643 n.1 (D.N.J. 2023) (citing L. Civ. R. 56.1 and holding that a failure to respond to a SUMF deemed those facts admitted); *Cherilus v. Bloomingdale Operating Co.*, Civil Action No. 11-5633 (CCC), 2012 U.S. Dist. LEXIS 103482, at *2 n.2 (D.N.J. July 25, 2012) ("As Plaintiff has not submitted a responsive statement of material facts, Defendant's Statement of Material Facts is deemed undisputed pursuant to Local Civil Rule 56.1").[3] As Plaintiff does not dispute any of the material facts, the Motion for Partial Summary Judgment must be granted.

### B. The Declaration in Support of the Motion Violates L. Civ. R. 7.2(a).

Plaintiff's Motion to Terminate fails for the additional reason that it relies upon an improper declaration. Pursuant to L. Civ. R. 7.2(a), "[a]ffidavits, declarations, certifications and other documents of the type referenced in 28 U.S.C. § 1746 shall be restricted to statements of fact within the personal knowledge of the signatory. Argument of the facts and the law shall *not* be contained in such

---

[3] HMH's letter reply in further support of its Motion for Partial Summary Judgment (ECF No. 116) addresses Plaintiff's improper request to convert his untimely Motion to Terminate into a late opposition to summary judgment.

8

documents. <u>Legal arguments and summations in such documents will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions or both</u>." (emphasis added). Counsel's declaration in support of the Motion to Terminate is replete with precisely the sort of argument and summation that are barred from declarations, and those arguments are factually incorrect in any event. (*See, e.g.*, ECF No. 110-7 ("Hogg Decl.") ¶¶ 7, 8, 12-18, and 19-22).

Moreover, Plaintiff's sworn declaration applies what he terms "basic mathematical formulas in Microsoft Excel" but his calculations are demonstrably incorrect. (Hogg Decl. ¶12). For example, for Friday, July 30, 2021, Plaintiff's time clock records reflect that he punched in at 6:56 AM and out at 3:39 PM. (Hogg Decl. ¶12). Counsel, under penalty of perjury, represents to this Court that his client's time for July 30, 2021 equals 8.55 hours. It does not; it equals 8 hours and 43 minutes, or 8.72 hours, which is consistent with HMH's timekeeping record for that day. (Hogg Decl. ¶13). Counsel's calculation of daily and weekly time is also wrong because he (deliberately) ignores HMH's payroll practices and procedures. For example, Plaintiff ignores HMH's meal break policy (that permits Team Members, like Plaintiff, to take a 30-minute unpaid lunch break), and Plaintiff's deposition testimony that he did not know of a single instance where he asked HMH to cancel the automatic meal break deduction due to a missed break and it failed to do so (Feher Cert. Ex. 6 at Pl. Dep. 115:9-14). Plaintiff also ignores HMH's lawful, neutral

9

rounding practice, which provides a 5-minute grace period before and after a scheduled start/end time (and rounds in/out punches occurring within a 5-minute window of a scheduled shift). (*See* Malfitano Declaration in Opposition to Plaintiff's Motion to Terminate "Malfitano Decl." ¶¶ 9-12).

Had Plaintiff accepted HMH's offer to depose Ms. Malfitano about HMH's payroll calculation practices, he could have questioned her about the precise process by which shift differentials and bonuses are accounted for in the regular rate of pay, and any alleged discrepancies in Plaintiff's payroll records. Plaintiff chose instead to stipulate that HMH applies the same formula to all relevant employees, without seeking any further discovery on the topic. In any case, Plaintiff plainly has not accurately represented the payroll records produced in discovery.[4] With these blatant errors, among other shortcomings, the Court cannot rely on the veracity of Counsel's declaration in deciding this motion to terminate (nor should the Court countenance

---

[4] In addition to incorrectly summarizing the hours calculations, (Hogg Decl. ¶¶12-17), Plaintiff inappropriately and inaccurately argues in his declaration (but not his brief) about wage statements and other pay data. (Hogg Decl. ¶¶ 17-20). Local Rule 7.2 prohibits such arguments in the form of declaration, and it should not be considered by this Court. But even if these improper arguments are considered, Plaintiff is, again, mistaken. Plaintiff did not work overtime in the November 28-December 11 pay period, and he fails to raise any (reasonably) disputed issue of material fact. Instead, Plaintiff desperately wrestles with non-existent fact issues, and baldly speculates that some bonuses were "not definitively correct." *Compare* Hogg Decl. at ¶ 18 *with Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 340-41 (3d Cir. 1995) ("While plaintiff is 'entitled to every favorable inference,' he is not entitled to build a case on 'the gossamer threads of whimsy, speculation and conjecture.'").

the improper/incorrect arguments contained therein).

## II.    PLAINTIFF HAD ALL DISCOVERY REQUIRED TO OPPOSE HMH'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

For the same reasons, the Court should not indulge Plaintiff's claim that he has not had sufficient discovery to oppose the motion. Having chosen to forego deposing HMH's proffered witness on the matters at issue, he should not now be permitted to use ignorance of HMH's pay calculation methodology as a basis to avoid dismissal of these baseless claims, particularly where HMH has demonstrated exactly how those calculations were (correctly) performed. (Malfitano Decl., Ex. 1; *see also* ECF No. 108-9 at PageID 1297, Certification of Lorraine Malfitano in Support of HMH's Partial Summary Judgment Motion ¶¶ 24-25; *id.* at Exhibit E).

Plaintiff does not, and cannot, genuinely dispute the fact that HMH's formula for calculating overtime includes shift differentials and non-discretionary bonuses in the regular rate of pay. To avoid this truth, Plaintiff claims that HMH "refus[ed] to provide any discovery of Schelhas' payroll and timekeeping records that would permit evaluation of HMH's regular rate affirmative defense." (ECF No. 110-1 at PageID 1344). This representation to the Court is troubling because it is patently false, as evidenced by Counsel's own Declaration citing to and excerpting from the very payroll and timekeeping records he claims to have been denied. (*See* Hogg Decl. ¶¶ 9-19). As noted above, HMH produced hundreds of pages of records relating to Plaintiff, including but not limited to **_all_** of his relevant timecards and

11

payroll records (bates numbered D000475-744) in December 2023, and counsel has had ample opportunity to evaluate those records. Plaintiff also had ample opportunity to explore what he incorrectly perceives to be discrepancies between certain HMH records relating to hours worked. Plaintiff passed on the opportunity to depose Ms. Malfitano about these records, what they show, and how HMH's payroll processes include shift differentials and bonuses in the regular rate. It was Plaintiff who insisted that the deposition concerning HMH's payroll policies and practices was not necessary and that the stipulation relating to HMH's payroll system was sufficient for his purposes. He made that decision despite having taken the position in Court and in his limited discovery requests that HMH's payroll policies and practices, specifically as to calculating the regular rate when shift differentials and bonuses were earned, were relevant to conditional certification, which they obviously are. (Feher Cert. Ex. 4 at 9:1-9). If Plaintiff cannot identify a policy or practice that unlawfully impacted him in this regard, he cannot purport to represent a collective as to these issues.

Plaintiff also had ample notice of HMH's intention to move for partial summary judgment. HMH previewed these arguments to Judge Adams at the July 18, 2024 and November 14, 2024 status conferences, and referenced them in its February 10, 2025 opposition to Plaintiff's Motion for Conditional Certification. There is simply no justification for Plaintiff's failure to timely oppose HMH's

12

Motion for Partial Summary Judgment, nor to consider his recent motion – which relies on an improper and argumentative Declaration and lacks any response to HMH's SUMF – as an opposition to HMH's motion. What is clear, however, is that he had the opportunity to conduct all discovery necessary to oppose the motion.

### III.    ELIMINATING BASELESS CLAIMS WILL STREAMLINE THE CASE AND MINIMIZE WASTED RESOURCES.

The undisputed and indisputable evidence shows that Plaintiff's overtime rate correctly incorporated shift differentials and bonuses incorporating shift differentials and bonuses. Since Plaintiff cannot support claims under this theory, he cannot serve as a class representative for others on that basis. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013) ("the mere presence of collective-action allegations in [a] complaint" does not give an FLSA plaintiff any special interest in representing others); *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1273 (11th Cir. 2018) (finding that when a named plaintiff is not similarly situated to collective members, the court will dismiss the collective members from the case).

Dismissing baseless claims before considering the Conditional Certification motion will streamline the Court's analysis, and minimize the waste of judicial resources, as well as unnecessary economic impact on HMH, which is a non-profit healthcare system. Dismissing baseless claims as to Plaintiff would not preclude claims by any other individual who claims to have been harmed and can support such as claim, nor would it create confusion or signal that the Court takes a negative

13

view of the remaining issues in the Complaint. To the contrary, it would avoid the massive confusion that would be caused if class notice were sent to thousands of current and former employees who actually have no potential claim relating to this issue.

## <u>CONCLUSION</u>

For all of the foregoing reasons, HMH respectfully requests that the Court deny Plaintiff's Motion to Terminate in its entirety, and grant HMH's Motion for Partial Summary Judgment.

Dated: March 24, 2025                   Respectfully submitted,

**GREENBERG TRAURIG, LLP**

 s/ *Kristine J. Feher*
Kristine J. Feher, Esq.
Micala Campbell Robinson, Esq.
Scott Humphreys, Esq.
Kristin Spallanzani, Esq.
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel. (973) 360-7900
Fax (973) 301-8410
feherk@gtlaw.com
robinsonmi@gtlaw.com
humphreyss@gtlaw.com
spallanzanik@gtlaw.com

*Attorneys for Defendant,*
*Hackensack Meridian Health, Inc.*

14